**Daniel J. Weintraub - Bar #132111**
**James R. Selth - Bar #123420**
**Elaine V. Nguyen - Bar #256432**
**WEINTRAUB & SELTH, APC**
**11766 Wilshire Boulevard, Suite 1170**
**Los Angeles, CA 90025**
**Telephone: (310) 207-1494**
**Facsimile: (310) 442-0660**
**Email: elaine@wsrlaw.net**

[Proposed] Attorneys for Debtor and Debtor-In-Possession,
TODD GOLDMAN

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re: | Case No. 2:16-bk-11330-BR |
|---|---|
| TODD GOLDMAN, | Chapter 11 |
| Debtor and Debtor-In-Possession. | **SUPPLEMENTAL DECLARATION OF TODD GOLMAN IN SUPPORT OF EMERGENCY MOTION PURSUANT TO 11 USC 364 FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING** |
| | Hearing |
| | Date:    March 23, 2016 |
| | Time:    10:00 a.m. |
| | Place:   Courtroom 1668 |

1

## <u>DECLARATION OF TODD GOLDMAN</u>

I, Todd Goldman, hereby declare and state as follows:

1.      I am an individual over the age of eighteen and am the debtor and debtor-in-possession in the above-captioned case. Each of the facts contained in this declaration are based on my personal knowledge and if called as a witness, I could and would competently testify thereto.

2.      I make this declaration in support of the *Emergency Motion Pursuant To 11 USC 364 For Interim And Final Orders Authorizing Debtor To Obtain Post-Petition Financing* ("<u>Motion</u>").  All defined terms in the Motion shall hold the same meaning within this declaration.

3.      I am a cartoon artist and currently live in Los Angeles, California.

**<u>New Loan</u>**

4.      On March 15, 2016, the Court continued the hearing on the Motion to borrow to March 23, 2016.  During this time, I searched for a new loan ("<u>New Loan</u>") and was able to find one through Quality Art Auctions, Inc ("<u>Q-Art</u>"), who holds certain of my paintings and drawings on consignment.  Attached hereto as **Exhibit 1** is the Promissory Note ("<u>Note</u>) between me and Q-Art.  I hereby request that the Court allow me to enter into the New Loan under the terms and conditions as the Note.

5.      To summarize, the terms are as follows: Q-Art will lend me the principal balance of $40,000, which will accrue interest of 10% per annum for a total of $4,000 in interest.   I currently have artwork on consignment with Q-Art.  The loan will be an advance against future art sale royalties, which will be deducted from the amount I owe.  The unpaid balance, if any, will be due and payable on March 19, 2017.

6.      Attached hereto as **Exhibit 2** is a list of all the artwork I currently have on consignment with Q-Art and the wholesale value.

7.      Since the Petition Date, I have searched diligently for a loan.  This loan with Q-Art and the previous proposal by hard money lender Mr. Ron Revivo are the only offers I have been able to obtain.

4.      I desperately need the funds to insure my real properties, which I believe have equity, and to pay my basic living expenses, the custody evaluator (as required by the family law court) and retainers for my family law and criminal defense attorneys.

**Domestic Support Obligations**

8.      On March 25, 2015, I filed a motion to modify my support payments based on my current income and expenses ("Request for Modification).  This Request for Modification has been pending for over a year due to my wife, Nicole Goldman's ("Nicole") Domestic Violence Restraining Orders against me (none of which have merit, but have been used as a delay tactic and as a ploy to win sole custody of our daughter).  The hearing to consider my Request for Modification is presently set to be heard on July 6, 2016.  Today, March 21, 2016, I am filing a request, in *pro per*, to advance the hearing on the Request for Modification to April 19, 2016.[1]  I am filing the request to advance the hearing because I recognize that the failure to be current on my domestic support order could result in conversion or dismissal of my Chapter 11 case.   I am confident that based on my income and expenses that I have overpaid Nicole by $69,230.53.  Attached hereto as **Exhibit 4** is my income and expense declaration.   Based on my income and expenses, my domestic support obligation should be $536 per month and I have filed papers to get this modified.  Attached hereto as **Exhibit 5** is a "Dissomaster Report", which is a program used to determine child and spousal support payments in the State of California based on income.    As set forth in the Dissomaster Report, my domestic support obligation should be $536 per month based on my income pursuant to the guidelines.

---

[1] A true and correct copy of this request is attached hereto as **Exhibit 3.**

**Payment to Professionals**

9.    I need a family lawyer in order to assist me with my request to modify my support payments.  This will benefit my bankruptcy estate and my creditors.  First, by retaining counsel to prosecute my Request for Modification to accurately reflect my current income, I will have more income available to fund a Plan to pay all creditors.  Second, I believe it will be determined that I have significantly overpaid support to Nicole and am entitled to credits.

10.    I need a criminal attorney to defend me with respect to the charges brought by Nicole so that I can continue to work and earn income.  The hearing on the criminal contempt charges is on April 19, 2015.  In September 2015, Nicole filed criminal contempt charges against me, which were subsequently dismissed.  She has brought these charges again, which I need to defend.

11.    I dispute many of the allegations in Nicole's Opposition to my Motion to borrow funds, which will be addressed at a later date.  In brief, I invested $250,000 of my separate property funds into the purchase of the Brewster Property.  I thought my name was on title, but I found out that Nicole's parents never added me to the title.  I need to recover my interest in the Brewster Property for the benefit of my creditors.   I also have claims for fraud and recovery of fraudulent conveyances relating to the Bayview Property, which will be filed shortly with this Court.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, and that this declaration was executed by me on the _____ day of March, 2016, at Los Angeles, California.


 _/s/_  (signature to follow)

TODD GOLDMAN

# EXHIBIT 1

# PROMISSORY NOTE

$40,000

March 19, 2016

**FOR VALUE RECEIVED,** the undersigned, (the "Maker"), hereby promises to pay to the order of Q-Art, 5300 W.83rd St. Los Angeles, CA 90045 ("Payee"), the principal sum of $40,000, plus interest of $4,000, for a total of $44,000, pursuant to the terms and conditions set forth herein.

**PURPOSE.** This loan will act as an advance against future art royalties.

**PAYMENT OF PRINCIPAL.** The principal amount of this Promissory Note (the "Note") and any accrued but unpaid interest shall be due and payable on March 19, 2017.

**INTEREST.** This Note shall bear interest, compounded annually, at 10% percent.

**PREPAYMENT.** The Maker shall have the right at any time and from time to time to prepay this Note in whole or in part without premium or penalty.

**REMEDIES.** No delay or omission on part of the holder of this Note in exercising any right hereunder shall operate as a waiver of any such right or of any other right of such holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion. The rights and remedies of the Payee shall be cumulative and may be pursued singly, successively, or together, in the sole discretion of the Payee.

**EVENTS OF ACCELERATION.** The occurrence of any of the following shall constitute an "Event of Acceleration" by Maker under this Note:

(a)    Maker's failure to pay any part of the principal or interest as and when due under this Note; or

(b)    Maker's becoming insolvent or not paying its debts as they become due.

**ACCELERATION.** Upon the occurrence of an Event of Acceleration under this Note, and in addition to any other rights and remedies that Payee may have, Payee shall have the right, at its sole and exclusive option, to declare this Note immediately due and payable.

**SUBORDINATION.** The Maker's obligations under this Promissory Note are subordinated to all indebtedness, if any, of Maker, to any unrelated third party lender to the extent such indebtedness is outstanding on the date of this Note and such subordination is required under the loan documents providing for such indebtedness.

1

**WAIVERS BY MAKER.**  All parties to this Note including Maker and any sureties, endorsers, and guarantors hereby waive protest, presentment, notice of dishonor, and notice of acceleration of maturity and agree to continue to remain bound for the payment of principal, interest and all other sums due under this Note notwithstanding any change or changes by way of release, surrender, exchange, modification or substitution of any security for this Note or by way of any extension or extensions of time for the payment of principal and interest; and all such parties waive all and every kind of notice of such change or changes and agree that the same may be made without notice or consent of any of them.

**EXPENSES.**  In the event any payment under this Note is not paid when due, the Maker agrees to pay, in addition to the principal and interest hereunder, reasonable attorneys' fees not exceeding a sum equal to 15% of the then outstanding balance owing on the Note, plus all other reasonable expenses incurred by Payee in exercising any of its rights and remedies upon default.

**GOVERNING LAW.**  This Note shall be governed by, and construed in accordance with, the laws of the State of <u>California</u>.

**SUCCESSORS.**  All of the foregoing is the promise of Maker and shall bind Maker and Maker's successors, heirs and assigns; provided, however, that Maker may not assign any of its rights or delegate any of its obligations hereunder without the prior written consent of the holder of this Note.

**IN WITNESS WHEREOF,** Maker has executed this Promissory Note as of the day and year first above written.

Maker:_____
         **(Signature)**


         Todd Goodman
         (BORROWER NAME)



Payee:_____
         **(Signature)**


         Ean "Eli" Weisman
         (LOANER NAME)

2

EXHIBIT 2

# BANKRUPTCY ART LOAN COLLATERAL

## ORIGINALS:                              wholesale

48x60:

| | | |
|---|---|---|
| 3007 | YOUR BAND SUCKS | 3000 |
| 2087 | GOLD DIGGER | 3000 |
| 3032 | SALT DEADLY WEAPON | 3000 |
| 2901 | YOU ROCK YOU RULE | 3000 |

36X48:

| | | |
|---|---|---|
| 2706 | CAT ON HEAD | 2000 |
| 2789 | SPEEK SLOWLY BLONDE | 2000 |
| 2778 | BOYS CANT DANCE | 2000 |
| 2909 | ALL DRESSED UP | 2000 |
| 2879 | SPOONING FORKING | 2000 |

36X36:

| | | |
|---|---|---|
| 3326 | PUT OUT FIRST DATE | 1500 |
| 3262 | PARDON MY FRENCH | 1500 |
| 3017 | MR. WELL HUNG | 1500 |
| 2475 | MISS BOOB JOB | 1500 |
| 2573 | MR. DOUCHEBAG | 1500 |
| 2594 | MR. STONER | 1500 |
| 3283 | NICE SHOT BIRDS | 1500 |

24X30:

| 3105 | SALAD BAR | 1200 |
| 3203 | BREAKFAST IN BED | 1200 |
| 3270 | I LOVE NERDS | 1200 |
| 3274 | GET LONG ICE CREAM | 1200 |
| 3292 | BAD APPLE | 1200 |

24X36:

| 3254 | SALT DEADLY WEAPON | 1000 |
| 3233 | BOYS ARE STUPID | 1000 |
| 3108 | FISH FART | 1000 |
| 3135 | GOD GOT DRUNK | 1000 |
| 2697 | WHOS DADDY | 1000 |
| 3082 | GIVE PEAS A CHANCE | 1000 |
| 3242 | I UNDERSTAND DON'T CARE | 1000 |
| 3126 | GIRAFFES | 1000 |
| 3096 | GIVE PEAS A CHANCE | 1000 |
| 3079 | GIRAFFES | 1000 |

24X24:

| 1261 | THIS SUCKS | 500 |
| 3238 | SIZE MATTERS | 500 |
| 3097 | SMOKING KILLS | 500 |
| 3334 | DROP SOAP | 500 |
| 3303 | YOUR PAD MINE | 500 |
| 3302 | SUCKER FAMILY | 500 |
| 3087 | PEEP SHOW | 500 |
| 3304 | SMALL FRY | 500 |

| | | |
|---|---|---|
| 3337 | JELLO | 500 |
| 3308 | CHICKS RULE | 500 |

48X48:

| | | |
|---|---|---|
| 2508 | EXBOYFRIEND | 2500 |
| 3068 | PEAS ON EARTH | 2500 |
| 2898 | SMOKING KILLS | 2500 |
| 2107 | PEEP SHOW | 2500 |
| 2877 | BFF COOKIE MILK | 2500 |
| 2912 | SIZE MATTERS | 2500 |

# POSTERS – ASSORTED

| | | |
|---|---|---|
| 5,000 | ASSORTED | $2 |
| total | | $78,500 |

# EXHIBIT 3

FL-300

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd Goldman (In Pro Per)<br>4055 Redwood Avenue, #142<br>Los Angeles, CA 90066 | |

TELEPHONE NO.: (727) 251-3808    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Respondent, Todd Goldman

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PETITIONER/PLAINTIFF: NICOLE GOLDMAN

RESPONDENT/DEFENDANT: TODD GOLDMAN
OTHER PARENT/PARTY:

| REQUEST FOR ORDER | ☐ MODIFICATION | ☐ Temporary Emergency Court Order | CASE NUMBER: |
|---|---|---|---|
| ☐ Child Custody | ☐ Visitation | | BD 610524 |
| ☐ Child Support | ☐ Spousal Support   ☒ Other (specify): | | |
| ☐ Attorney Fees and Costs | ORDER TO ADVANCE 07-06-16 RFO<br>RE: MOD OF SUPPORT TO 04-19-16 | | |

1. TO (name): NICOLE GOLDMAN

2. A hearing on this Request for Order will be held as follows: **If child custody or visitation is an issue in this proceeding, Family Code section 3170 requires mediation before or at the same time as the hearing (see item 7.)**

a. Date:          Time:          ☒ Dept.:          ☐ Room:

b. Address of court ☒ same as noted above    ☐ other (specify):

3. Attachments to be served with this *Request for Order*:
   a. A **blank** *Responsive Declaration* (form FL-320)
   b. ☐ Completed *Income and Expense Declaration* (form FL-150) and a **blank** *Income and Expense Declaration*
   c. ☐ Completed *Financial Statement (Simplified)* (form FL-155) and a **blank** *Financial Statement (Simplified)*
   d. ☐ Points and authorities
   e. ☐ Other (specify):

Date: March 18, 2016

Todd Goldman

_____         ►_____
(TYPE OR PRINT NAME)              (SIGNATURE)

☐ **COURT ORDER**

4. ☐ YOU ARE ORDERED TO APPEAR IN COURT AT THE DATE AND TIME LISTED IN ITEM 2 TO GIVE ANY LEGAL REASON WHY THE ORDERS REQUESTED SHOULD NOT BE GRANTED.

5. ☐ Time for ☐ service ☐ hearing  is shortened. Service must be on or before (date):

6. Any responsive declaration must be served on or before (date):

7. The parties are ordered to attend mandatory custody services as follows:

8. ☐ You are ordered to comply with the *Temporary Emergency Court Orders* (form FL-305) attached.

9. ☐ Other (specify):

Date: _____         _____
                                          JUDICIAL OFFICER

To the person who received this *Request for Order:* If you wish to respond to this *Request for Order,* you must file a *Responsive Declaration to Request for Order* (form FL-320) and serve a copy on the other parties at least nine court days before the hearing date unless the court has ordered a shorter period of time. You do not have to pay a filing fee to file the *Responsive Declaration to Request for Order* (form FL-320) or any other declaration including an *Income and Expense Declaration* (form FL-150) or *Financial Statement (Simplified)* (form FL-155).

Form Adopted for Mandatory Use
Judicial Council of California
FL-300 [Rev. July 1, 2012]

**REQUEST FOR ORDER**

Legal Solutions Plus

Family Code, §§ 2045, 2107, 6224, 6226, 6320–6326, 6380–6383
Government Code, § 26826

FL-300

| | |
|---|---|
| ___ PETITIONER/PLAINTIFF: NICOLE GOLDMAN<br>RESPONDENT/DEFENDANT: TODD GOLDMAN<br>OTHER PARENT/PARTY: | CASE NUMBER:<br>BD 610524 |

## REQUEST FOR ORDER AND SUPPORTING DECLARATION

☐ Petitioner  ☒ Respondent  ☐ Other Parent/Party  **requests the following orders:**

1. ☐ CHILD CUSTODY  ☐ **To be ordered pending the hearing**
   a. <u>Child's name and age</u>       b. Legal custody to (name of person who      c. Physical custody to (name of
                                            <u>makes decisions about health, education, etc.)</u>   <u>person with whom child will live)</u>

   d. ☐ As requested in form   ☐ *Child Custody and Visitation Application Attachment* (form FL-311)
                               ☐ *Request for Child Abduction Prevention Orders* (form FL-312)
                               ☐ *Children's Holiday Schedule Attachment* (form FL-341(C))
                               ☐ *Additional Provisions—Physical Custody Attachment* (form FL-341(D))
                               ☐ *Joint Legal Custody Attachment* (form FL-341(E))
                               ☐ Other (Attachment 1d)
   e. ☐ Modify existing order
      (1) filed on *(date):*
      (2) ordering *(specify):*

2. ☐ CHILD VISITATION *(PARENTING TIME)*       ☐ **To be ordered pending the hearing**
   a. As requested in: (1) ☐ Attachment 2a  (2) ☐ *Child Custody and Visitation Application Attachment* (form FL-311)
                       (3) ☐ Other *(specify):*
   b. ☐ Modify existing order
      (1) filed on *(date):*
      (2) ordering *(specify):*

   c. ☐ One or more domestic violence restraining/protective orders are now in effect. *(Attach a copy of the orders if you
         have one.)* The orders are from the following court or courts *(specify county and state):*
      (1) ☐ Criminal: County/state:          (3) ☐ Juvenile: County/state:
            Case No. *(if known):*                  Case No. *(if known):*
      (2) ☐ Family: County/state:            (4) ☐ Other: County/state:
            Case No. *(if known):*                  Case No. *(if known):*

3. ☐ CHILD SUPPORT *(An earnings assignment order may be issued.)*
   a. <u>Child's name and age</u>   b. ☐ I request support based on the      c. <u>Monthly amount requested</u> (if not by guideline)
                                     child support guidelines                   $

   d. ☐ Modify existing order
      (1) filed on *(date):*
      (2) ordering *(specify):*

**Notice:** The court is required to order child support based on the income of both parents. It normally continues until the
child is 18. You must supply the court with information about your finances by filing an *Income and Expense Declaration*
(form FL-150) or a *Financial Statement (Simplified)* (form FL-155). Otherwise, the child support order will be based on
information about your income that the court receives from other sources, including the other parent.

FL-300

| PETITIONER/PLAINTIFF: NICOLE GOLDMAN | CASE NUMBER: |
| RESPONDENT/DEFENDANT: TODD GOLDMAN | BD 610524 |
| OTHER PARENT/PARTY: | |

4. ☐ SPOUSAL OR PARTNER SUPPORT *(An earnings assignment order may be issued.)*

   a. ☐ Amount requested *(monthly):* $          c. ☐ Modify existing order
   b. ☐ Terminate existing order                      (1) filed on *(date):*
      (1) filed on *(date):*                          (2) ordering *(specify):*
      (2) ordering *(specify):*

   d. ☐ The *Spousal or Partner Support Declaration Attachment* (form FL-157) is attached *(for modification of spousal or partner support after judgment only)*

   e. An *Income and Expense Declaration* (form FL-150) must be attached

5. ☐ ATTORNEY FEES AND COSTS are requested on *Request for Attorney Fees and Costs Order Attachment* (form FL-319) or a declaration that addresses the factors covered in that form. An *Income and Expense Declaration* (form FL-150) must be attached. A *Supporting Declaration for Attorney Fees and Costs Order Attachment* (form FL-158) or a declaration that addresses the factors covered in that form must also be attached.

6. ☐ PROPERTY RESTRAINT       ☐ To be ordered pending the hearing

   a. The ☐ petitioner ☐ respondent ☐ claimant   is restrained from transferring, encumbering, hypothecating, concealing, or in any way disposing of any property, real or personal, whether community, quasi-community, or separate, except in the usual course of business or for the necessities of life.

      ☐ The applicant will be notified at least five business days before any proposed extraordinary expenditures, and an accounting of such will be made to the court.

   b. ☐ Both parties are restrained and enjoined from cashing, borrowing against, canceling, transferring, disposing of, or changing the beneficiaries of any insurance or other coverage, including life, health, automobile, and disability, held for the benefit of the parties or their minor children.

   c. ☐ Neither party may incur any debts or liabilities for which the other may be held responsible, other than in the ordinary course of business or for the necessities of life.

7. ☐ PROPERTY CONTROL       ☐ To be ordered pending the hearing

   a. ☐ The petitioner ☐ respondent   is given the exclusive temporary use, possession, and control of the following property that we own or are buying *(specify):*

   b. ☐ The petitioner ☐ respondent   is ordered to make the following payments on liens and encumbrances coming due while the order is in effect:
      Debt                     Amount of payment                     Pay to

8. ☒ OTHER RELIEF *(specify):*

   (1)  Request to advance Respondent's RFO regarding modification of child and spousal support from 07-06-16 to 04-19-16 (another hearing already on calendar) for the reasons set forth in my declaration.

---

NOTE: To obtain domestic violence restraining orders, you must use the forms *Request for Order (Domestic Violence Prevention)* (form DV-100), *Temporary Restraining Order (Domestic Violence)* (form DV-110), and *Notice of Court Hearing (Domestic Violence)* (form DV-109).

---

FL-300

| PETITIONER/PLAINTIFF: NICOLE GOLDMAN | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: TODD GOLDMAN | BD 610524 |
| OTHER PARENT/PARTY: | |

9. ☐ **I request** that time for service of the Request for Order and accompanying papers be shortened so that these documents may be served no less than *(specify number):* _____ days before the time set for the hearing. I need to have this order shortening time because of the facts specified in item 10 or the attached declaration.

10. ☒ FACTS IN SUPPORT of orders requested and change of circumstances for any modification are *(specify):*
   ☐ Contained in the attached declaration. (*You may use* Attached Declaration *(form MC-031) for this purpose. The attached declaration must not exceed 10 pages in length unless permission to file a longer declaration has been obtained from the court.)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 18, 2016

Todd Goldman
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF APPLICANT)

**Requests for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the proceeding. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civil Code, § 54.8.)

FL-300 [Rev. July 1, 2012]                    **REQUEST FOR ORDER**                    Page 4 of 4

## RESPONSIVE DECLARATION OF TODD GOLDMAN

I, TODD GOLDMAN, declare, that I am the Respondent in this action, this declaration is true and correct, the facts contained herein are within my personal knowledge, and, if sworn as a witness I would and could competently testify thereto.

This declaration is in lieu of personal testimony, pursuant to CCP Sections 2009 and California Rules of Court 5.118, *Reifler vs. Superior Court (1974) 39 CA3d 479, and Marriage of Stevenot (1984) 154 CA3d 1051*. Therefore, I request that this declaration be received as evidence and that the Court permit further offers of proof, other testimony and documentary evidence at time of hearing or as otherwise appropriate.

1.      The purpose of this declaration is to provide this Court with the factual basis for my Request for Order.

2.      I recently filed Chapter 13 bankruptcy due to the mounting debt and high cost of over-litigation in this case.  In doing so, I must disclose all of my financial transactions to the bankruptcy court.

3.      I recently borrowed money, by way of hard money loan and with a high interest rate, out of desperation to pay for a custody evaluator and to retain family lawyers for my upcoming move-away trial as I have no money in which to pay either.

4.      As the court knows, the Petitioner has spent no money of her own so far and he has had me pay her fees while litigating this case.  I believe her goal is to make me give-up full custody of our daughter. By way of example, Petitioner owes her first lawyer, Michael McGuire, $150,000 and her most recent lawyer, Ron Brot, $300,000, both of whom filed Borson Motions in this matter.

5.      To monkey-wrench the evaluation, which was ordered by this court over Petitioner's objection, the Petitioner has now filed a formal objection in the bankruptcy court so that I do not have access to $7,500. A true and correct copy of <u>Nicole Goldman's</u> <u>Opposition to Debtor in Possession's Emergency Motion Pursuant to U.S.C. § 364 for</u> <u>Interim and Final Orders Authorizing Debtor to Obtain Post-Petition Financing and</u>

- 1 -

DECLARATION OF TODD GOLDMAN

1  <u>Declaration of Nicole Goldman in Support Thereof</u>. The goal, obviously, is to allow her to

2  move away without giving me a fair trial.

3        6.    My motion for support has been pending since 03-25-15 and I have waited

4  patiently.  It has been delayed over a year due to Petitioner's continuing and multiple

5  Domestic Violence Restraining Orders against me.

6        7.    I cannot have access to this loan until the family court adjudicates the

7  pending modification of child and spousal support scheduled for hearing on 07-06-15.

8        8.    The EMERGENCY is that I contend that I have OVERPAID Petitioner

9  support to-date, but until this issue is adjudicated in the family court, it is holding-up the

10 bankruptcy proceedings, and it is denying me the custody evaluation which was ordered by

11 this court.

12       9.    For this reason, I am respectfully requesting that the 03-25-15 RFO which is

13 now calendared for 07-06-16 be advanced to 04-19-16 (the date of Petitioner's contempt

14 hearing).

15       10.    Again, I am requesting that the Court merely shorten time to hear my RFO on

16 support so I don't get kicked-out of bankruptcy court. I am simply trying to reorganize my

17 debt and pay back my creditors while at the same time pay the evaluator which was

18 previously ordered by this court.

19

20       I declare under penalty of perjury under the laws of the State of California that the

21 foregoing is true and correct.  Executed this 18th day of March 2016, at Sherman Oaks,

22 California.

23

24                               TODD GOLDMAN,
                                Respondent

25

26

27

28

- 2 -

# EXHIBIT 4

# NIKI SUPPORT PAYMENTS

| | |
|---|---|
| Nov-14 NIKI SUPPORT | $25,000.00 |
| Dec-14 NIKI SUPPORT | $4,000.00 |
| Jan-15 NIKI BILLS REIMBURSE | $496.49 |
| Jan-15 NIKI SUPPORT | $4,000.00 |
| Feb-15 NIKI SUPPORT | $4,000.00 |
| Mar-15 NIKI SUPPORT | $4,854.04 |
| Mar-15 NIKI BILLS REIMBURSE | $480.00 |
| Apr-15 NIKI SUPPORT | $4,000.00 |
| May-15 NIKI SUPPORT | $4,000.00 |
| Jun-15 NIKI SUPPORT | $4,000.00 |
| Jul-15 NIKI SUPPORT | $4,000.00 |
| Aug-15 NIKI SUPPORT | $4,000.00 |
| Sep-15 NIKI SUPPORT | $4,000.00 |
| Oct-15 NIKI SUPPORT | $1,000.00 |
| Nov-15 NIKI SUPPORT | $1,000.00 |
| Dec-15 NIKI SUPPORT | $100.00 |
| Jan-16 NIKI SUPPORT | $100.00 |
| Feb-16 | $100.00 |
| Mar-16 | $100.00 |

**TOTAL**             **$69,230.53**

FL-150

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Todd Goldman (In Pro Per)
4055 Redwood Avenue, #142
Los Angeles, CA 90066

TELEPHONE NO.: (727) 251-3808
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Respondent, In Pro Per

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 25 2016

Sherri R. Carter, Executive Officer/Clerk
By Cesar Palos, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PETITIONER/PLAINTIFF: NICOLE GOLDMAN
RESPONDENT/DEFENDANT: TODD GOLDMAN
OTHER PARENT/CLAIMANT:

**INCOME AND EXPENSE DECLARATION**

CASE NUMBER:
BD 610524

1. **Employment** (Give information on your current job or, if you're unemployed, your most recent job.)

   *Attach copies of your pay stubs for last two months here (black out social security numbers).*

   a. Employer: [self] Todd Goldman
   b. Employer's address: 4055 Redwood Avenue, #142, Los Angeles, CA 90066
   c. Employer's phone number: (727) 462-6205
   d. Occupation: artist
   e. Date job started: January 2000
   f. If unemployed, date job ended:
   g. I work about 40 hours per week.
   h. I get paid $ 3,005 gross (before taxes) [X] per month [ ] per week [ ] per hour.
      1. Art; 2. Commissions; 3. Scripts

   (If you have more than one job, attach an 8½-by-11-inch sheet of paper and list the same information as above for your other jobs. Write "Question 1—Other Jobs" at the top.)

2. **Age and education**
   a. My age is (specify): 47
   b. I have completed high school or the equivalent: [X] Yes [ ] No If no, highest grade completed (specify):
   c. Number of years of college completed (specify): 4 [X] Degree(s) obtained (specify): B.A. Accounting
   d. Number of years of graduate school completed (specify): 2 [X] Degree(s) obtained (specify): M.A. Accounting
   e. I have: [X] professional/occupational license(s) (specify): CPA (not active since 1993)
      [ ] vocational training (specify):

3. **Tax Information**
   a. [X] I last filed taxes for tax year (specify year): 2014
   b. My tax filing status is [X] single [ ] head of household [ ] married, filing separately
      [ ] married, filing jointly with (specify name):
   c. I file state tax returns in [X] California [X] other (specify state): Florida
   d. I claim the following number of exemptions (including myself) on my taxes (specify): -1-

4. **Other party's income.** I estimate the gross monthly income (before taxes) of the other party in this case at (specify): $ 3,000
   This estimate is based on (explain): Petitioner's 05-28-15 Income and Expense Declaration.

   (If you need more space to answer any questions on this form, attach an 8½-by-11-inch sheet of paper and write the question number before your answer.) Number of pages attached: -12-

I declare under penalty of perjury under the laws of the State of California that the information contained on all pages of this form and any attachments is true and correct.

Date: January 24, 2016

Todd Goldman
                    (TYPE OR PRINT NAME)                                      (SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use
Judicial Council of California
FL-150 [Rev. January 1, 2007]

**INCOME AND EXPENSE DECLARATION**

Legal Solutions Plus

Page 1 of 4

Family Code, §§ 2030-2032,
2100-2113, 3552, 3620-3634,
4050-4076, 4300-4339

FL-150

| | |
|---|---|
| PETITIONER/PLAINTIFF: NICOLE GOLDMAN<br>RESPONDENT/DEFENDANT: TODD GOLDMAN<br>OTHER PARENT/CLAIMANT: | CASE NUMBER:<br>BD 610524 |

Attach copies of your pay stubs for the last two months and proof of any other income. Take a copy of your latest federal tax return to the court hearing. (Black out your social security number on the pay stub and tax return.)

**5. Income** (For average monthly, add up all the income you received in each category in the last 12 months and divide the total by 12.)

**David & Goliath income ended 06-2014**

| | | Last month | Average monthly |
|---|---|---|---|
| a. | Salary or wages (gross, before taxes) ............................................... $ | 0 | 0 |
| b. | Overtime (gross, before taxes) ..................................................... $ | 0 | 0 |
| c. | Commissions or bonuses ........................................................... $ | 0 | 0 |
| d. | Public assistance (for example: TANF, SSI, GA/GR) ☐ currently receiving ....... $ | 0 | 0 |
| e. | Spousal support ☐ from this marriage ☐ from a different marriage ........... $ | 0 | 0 |
| f. | Partner support ☐ from this domestic partnership ☐ from a different domestic partnership $ | 0 | 0 |
| g. | Pension/retirement fund payments ................................................. $ | 0 | 0 |
| h. | Social security retirement (not SSI) ............................................... $ | 0 | 0 |
| i. | Disability: ☐ Social security (not SSI) ☐ State disability (SDI) ☐ Private insurance .. $ | 0 | 0 |
| j. | Unemployment compensation ...................................................... $ | 0 | 0 |
| k. | Workers' compensation ............................................................ $ | 0 | 0 |
| l. | Other (military BAQ, royalty payments, etc.) (specify): ............................. $ | 0 | 0 |

**6. Investment income** (Attach a schedule showing gross receipts less cash expenses for each piece of property.)

| | | | |
|---|---|---|---|
| a. | Dividends/interest ................................................................ $ | 0 | 0 |
| b. | Rental property income . . **SEE SCHEDULE E** ................................. $ | -683 | -1,099 |
| c. | Trust income ..................................................................... $ | 0 | 0 |
| d. | Other (specify): ................................................................. $ | 0 | 0 |

**7. Income from self-employment,** after business expenses for all businesses **SEE SCHEDULE C** $ 19,906  3,005
I am the ☒ owner/sole proprietor ☐ business partner ☒ other (specify): self / corporation (gross $)  (net $)
Number of years in this business (specify): 2000 / 2006
Name of business (specify): Todd Goldman / Pop Factory of Los Angeles, Inc.
Type of business (specify): Art, Commissions from Books, Scripts / Gallery Sales

Attach a profit and loss statement for the last two years or a Schedule C from your last federal tax return. Black out your social security number. If you have more than one business, provide the information above for each of your businesses.

**8.** ☒ **Additional income.** I received one-time money (lottery winnings, inheritance, etc.) in the last 12 months (specify source and amount): I received a one-time $17,000 book advance from Bloomsbury Press on 12-15-15.

**9.** ☒ **Change in income.** My financial situation has changed significantly over the last 12 months because (specify): As of June 2014, I no longer have W-2 income from David & Goliath, Inc.

**10. Deductions**

| | | Last month |
|---|---|---|
| a. | Required union dues .............................................................. $ | 0 |
| b. | Required retirement payments (not social security, FICA, 401(k), or IRA) ............. $ | 0 |
| c. | Medical, hospital, dental, and other health insurance premiums (total monthly amount) ..... $ | 0 |
| d. | Child support that I pay for children from other relationships ........................ $ | 0 |
| e. | Spousal support that I pay by court order from a different marriage .................... $ | 0 |
| f. | Partner support that I pay by court order from a different domestic partnership .......... $ | 0 |
| g. | Necessary job-related expenses not reimbursed by my employer (attach explanation labeled "Question 10g") .. $ | 0 |

**11. Assets**

| | | Total |
|---|---|---|
| a. | Cash and checking accounts, savings, credit union, money market, and other deposit accounts (loan) ..... $ | 4,000 |
| b. | Stocks, bonds, and other assets I could easily sell ................................. $ | none |
| c. | All other property, ☒ real and ☒ personal (estimate fair market value minus the debts you owe) ...... $ | 800,000 |

FL-150

| PETITIONER/PLAINTIFF: NICOLE GOLDMAN | CASE NUMBER: |
| RESPONDENT/DEFENDANT: TODD GOLDMAN | BD 610524 |
| OTHER PARENT/CLAIMANT: | |

**12. The following people live with me:**

| Name | Age | How the person is related to me? (ex: son) | That person's gross monthly income | Pays some of the household expenses? |
|------|-----|-------------------------------------------|-----------------------------------|--------------------------------------|
| a. Nick Fearnley | 29 | roommate | unknown | [X] Yes  [ ] No |
| b. | | | 0 | [ ] Yes  [ ] No |
| c. | | | 0 | [ ] Yes  [ ] No |
| d. | | | 0 | [ ] Yes  [ ] No |
| e. | | | 0 | [ ] Yes  [ ] No |

**13. Average monthly expenses**   [X] some are Estimated expenses   [X] some are Actual expenses   [ ] Proposed needs

a. Home:

(1) [X] Rent or [ ] mortgage . . . . . . $ 2,500

If mortgage: my share of $4,300 rent

    (a) average principal: $ 0

    (b) average interest: $ 0

(2) Real property taxes . . . . . . . . . . . . . $ 0

(3) Homeowner's or renter's insurance (if not included above) . . . . . . . . . . . $ 0

(4) Maintenance and repair . . . . . . . . . . $ 0

b. Health-care costs not paid by insurance    incl. therapy costs $ 900

c. Child care . . . . . . . . . . . . . . . . . . . . . $ 0

d. Groceries and household supplies . . . . . . . $ 450

e. Eating out . . . . . . . . . . . . . . . . . . . . $ 375

f. Utilities (gas, electric, water, trash) my 50% $ 250

g. Telephone, cell phone, and e-mail my 50% $ 250
    incl. cable

h. Laundry and cleaning . . . . . . . . . . . . . $ 25

i. Clothes . . . . . . . . . . . . . . . . . . . . . . . $ 200

j. Education . . . . . . . . . . . . . . . . . . . . . $ 0

k. Entertainment, gifts, and vacation . . . . . $ 300

l. Auto expenses and transportation (insurance, gas, repairs, bus, etc.) . . . . . $ 300

m. Insurance (life, accident, etc.; do not include auto, home, or health insurance) $ 0

n. Savings and investments . . . . . . . . . . . $ 0

o. Charitable contributions . . . . . . . . . . . $ 0

p. Monthly payments listed in item 14 (itemize below in 14 and insert total here) $ 787

q. Other (specify): . . . . . . . . . . . . . . . . . $ 0

**r. TOTAL EXPENSES (a–q) (do not add in the amounts in a(1)(a) and (b))    $ 6,337**

the above are my expenses

s. Amount of expenses paid by others $ balance
    loans, see below

**4. Installment payments and debts not listed above**

| Paid to | For | Amount | Balance | Date of last payment |
|---------|-----|--------|---------|----------------------|
| Atty Meyer & Dion & Fishbien | attorney fees | $ delinquent | $ 90,000 | June 2015 |
| AMEX | credit cards | $ delinquent | $ 45,000 | August 2015 |
| Bank of America | auto payment | $ 787 | $ 32,000 | current |
| David & Lenore Goldman | personal loan; Jan 2015 | $ deferred | $ 5,000 | none |
| Steve Ober | personal loan; Nov 2015 | $ deferred | $ 20,000 | none |
| | | $ 0 | $ 0 | |

**5. Attorney fees** (This is required if either party is requesting attorney fees.):   0

a. To date, I have paid my attorney this amount for fees and costs (specify): $ 165,000

b. The source of this money was (specify): premarital assets and credit cards

c. I still owe the following fees and costs to my attorney (specify total owed): $ 90,000

d. My attorney's hourly rate is (specify): $ 400  (which I cannot afford to retain at this time)

confirm this fee arrangement.

ate: January 24, 2016

odd Goldman (In Pro Per)
    (TYPE OR PRINT NAME OF ATTORNEY)

▶

    (SIGNATURE OF ATTORNEY)

| | | FL-150 |
|---|---|---|
| PETITIONER/PLAINTIFF: NICOLE GOLDMAN | CASE NUMBER: | |
| RESPONDENT/DEFENDANT: TODD GOLDMAN | BD 610524 | |
| OTHER PARENT/CLAIMANT: | | |

## CHILD SUPPORT INFORMATION
(NOTE: Fill out this page only if your case involves child support.)

16. **Number of children**

   a. I have *(specify number):*   -1-   children under the age of 18 with the other parent in this case.

   b. The children spend  TBD  percent of their time with me and   TBD   percent of their time with the other parent.
   *(If you're not sure about percentage or it has not been agreed on, please describe your parenting schedule here.)*
   There is a custody/visitation hearing scheduled for 02-24-16.  I am seeking additional time at that hearing.

17. **Children's health-care expenses**

   a. ☐ I do ☒ I do not   have health insurance available to me for the children through my job.

   b. Name of insurance company:

   c. Address of insurance company:

   d. The monthly cost for the **children's** health insurance is or would be *(specify):* $ 0
   *(Do not include the amount your employer pays.)*

18. **Additional expenses for the children in this case**                                             Amount per month

   a. Child care so I can work or get job training . . . . . . . . . . . . . . . . . . . . . . . . . $_____0_____

   b. Children's health care not covered by insurance . . . . . . . . . . . . . . . . . . . $_____0_____

   c. Travel expenses for visitation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____0_____

   d. Children's educational or other special needs *(specify below):* . . . . . . . . . . $_____0_____

19. **Special hardships.** I ask the court to consider the following special financial circumstances
   *(attach documentation of any item listed here, including court orders):*

   |  | Amount per month | For how many months? |
   |---|---|---|
   | a. Extraordinary health expenses not included in 18b . . . . . . . . . . . . . . . . . . $ 0 | | |
   | b. Major losses not covered by insurance (examples: fire, theft, other insured loss) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0 | | |
   | c. (1) Expenses for my minor children who are from other relationships and are living with me . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0 | | |

   (2) Names and ages of those children *(specify):*

   (3) Child support I receive for those children . . . . . . . . . . . . . . . . . . . . . . . $ 0

   The expenses listed in a, b, and c create an extreme financial hardship because *(explain):*

20. **Other information I want the court to know concerning support in my case** *(specify):*

FL-150 [Rev. January 1, 2007]

## INCOME AND EXPENSE DECLARATION

Page 4 of 4

# TODD GOLDMAN GROSS RECEIPTS

2015

| FROM WHO | AMOUNT | DESCRIPTION | TOTAL |
|---|---|---|---|
| Jan-15 Q ART | $1,175.82 | ART | |
| Feb-15 DKE TOYS | $150.00 | ART | |
| Mar-15 Q ART | $1,183.21 | ART | |
| Mar-15 Q ART | $4,411.87 | ART | |
| May-15 Q ART | $1,754.30 | ART | |
| May-15 QART | $1,207.83 | ART | |
| Jun-15 POP CHICAGO | $1,000.00 | ART | |
| Jun-15 ART DRIZZLE | $1,000.00 | ART | |
| Aug-15 Q ART | $1,927.85 | ART | |
| Sep-15 AMERICAN GREETINGS | $8,452.88 | ART | |
| Sep-15 QART | $715.18 | ART | |
| Oct-15 QART | $639.78 | ART | |
| Oct-15 ART ASPEN | $1,100.00 | ART | |
| Oct-15 ART REEL AFRICA | $800.00 | ART | |
| Nov-15 AMERICAN GREETINGS | $6,338.44 | ART | |
| Nov-15 DKE TOYS | $261.00 | ART | |
| Dec-15 Q ART | $487.38 | ART | |
| Dec-15 DOG TAG ART | $111.00 | ART | |
| Dec-15 DKE TOYS | $149.00 | ART | |
| Dec-15 EBAY ART | $679.40 | ART | |
| Dec-15 ART LONDON | $1,480.00 | ART | $35,024.94 |
| | | | |
| Apr-15 BOOK RAWR | $3,044.85 | BOOKS | |
| May-15 BOOK SUPERFLY | $8,500.00 | BOOKS | |
| Sep-15 BOOK SUPER RAWR | $13,812.50 | BOOKS | |
| Oct-15 BOOK HOT ROD | $6,375.00 | BOOKS | |
| Oct-15 BOOK RAWR | $1,954.33 | BOOKS | |
| Nov-15 BOOK BEAR | $754.60 | BOOKS | |
| Nov-15 BOOK BEAR | $2,137.56 | BOOKS | |
| Dec-15 BOOK SUPERFLY | $17,000.00 | BOOKS | $53,578.84 |
| | | | |
| Feb-15 AMAZON BEAR | $3,750.00 | SCRIPTS | |
| Jul-15 AMAZON BEAR | $3,750.00 | SCRIPTS | |
| Oct-15 COMEDY CENTRAL | $2,247.76 | SCRIPTS | $9,747.76 |
| | | | |
| TOTAL | | | $98,351.54 |

(DRAFT)

**SCHEDULE C**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service (99)

# Profit or Loss From Business
### (Sole Proprietorship)

▶ Information about Schedule C and its separate instructions is at *www.irs.gov/schedulec*.
▶ Attach to Form 1040, 1040NR, or 1041; partnerships generally must file Form 1065.

OMB No. 1545-0074

**2015**

Attachment
Sequence No. 09

Name of proprietor
**Todd Goldman**

Social security number (SSN)

| | |
|---|---|
| A | Principal business or profession, including product or service (see instructions) |
| | ART |

**B** Enter code from instructions

| | |
|---|---|
| C | Business name. If no separate business name, leave blank. |

**D** Employer ID number (EIN, (see Instr.)

| | |
|---|---|
| E | Business address (including suite or room no.) ▶ 565 BAYVIEW DR |
| | City, town or post office, state, and ZIP code      BELLEAIR FL 33756 |

**F** Accounting method:  (1) ☑ Cash  (2) ☐ Accrual  (3) ☐ Other (specify) ▶

**G** Did you "materially participate" in the operation of this business during 2015? If "No," see instructions for limit on losses  ☑ Yes  ☐ No

**H** If you started or acquired this business during 2015, check here  .  .  .  .  .  .  .  ▶ ☐

**I** Did you make any payments in 2015 that would require you to file Form(s) 1099? (see instructions)  ☐ Yes  ☑ No

**J** If "Yes," did you or will you file required Forms 1099?  .  .  .  .  .  .  .  .  .  .  ☐ Yes  ☐ No

## Part I  Income

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales. See instructions for line 1 and check the box if this income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked  .  .  .  .  .  .  ▶ ☐ | 1 | 35025 |
| 2 | Returns and allowances  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  . | 2 | |
| 3 | Subtract line 2 from line 1  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  . | 3 | 35025 |
| 4 | Cost of goods sold (from line 42)  .  .  .  .  .  .  .  .  .  .  .  .  .  .  . | 4 | 17513 |
| 5 | **Gross profit.** Subtract line 4 from line 3  .  .  .  .  .  .  .  .  .  .  .  . | 5 | 17512 |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) | 6 | |
| 7 | **Gross income.** Add lines 5 and 6  .  .  .  .  .  .  .  .  .  .  .  .  .  ▶ | 7 | 17512 |

## Part II  Expenses. Enter expenses for business use of your home **only** on line 30.

| | | | | | | |
|---|---|---|---|---|---|---|
| 8 | Advertising  .  .  .  . | 8 | | 18 | Office expense (see instructions)  . | 18 | |
| 9 | Car and truck expenses (see instructions)  .  .  . | 9 | | 19 | Pension and profit-sharing plans  . | 19 | |
| 10 | Commissions and fees  . | 10 | | 20 | Rent or lease (see instructions): | | |
| 11 | Contract labor (see instructions) | 11 | | a | Vehicles, machinery, and equipment | 20a | |
| 12 | Depletion  .  .  .  . | 12 | | b | Other business property  .  .  . | 20b | |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see instructions)  .  .  . | 13 | | 21 | Repairs and maintenance  .  .  . | 21 | |
| | | | | 22 | Supplies (not included in Part III)  . | 22 | 1699 |
| | | | | 23 | Taxes and licenses  .  .  .  . | 23 | |
| 14 | Employee benefit programs (other than on line 19)  . | 14 | | 24 | Travel, meals, and entertainment: | | |
| | | | | a | Travel  .  .  .  .  .  . | 24a | |
| 15 | Insurance (other than health) | 15 | | b | Deductible meals and entertainment (see instructions) | 24b | |
| 16 | Interest: | | | 25 | Utilities  .  .  .  .  .  . | 25 | |
| a | Mortgage (paid to banks, etc.) | 16a | | 26 | Wages (less employment credits)  . | 26 | |
| b | Other  .  .  .  .  . | 16b | | 27a | Other expenses (from line 48)  . | 27a | 4607 |
| 17 | Legal and professional services | 17 | | b | Reserved for future use  .  . | 27b | |
| 28 | **Total expenses** before expenses for business use of home. Add lines 8 through 27a  .  .  .  .  ▶ | | | | | 28 | 6306 |
| 29 | Tentative profit or (loss). Subtract line 28 from line 7  .  .  .  .  .  .  . | | | | | 29 | 11206 |
| 30 | Expenses for business use of your home. Do not report these expenses elsewhere. Attach Form 8829 unless using the simplified method (see instructions). Simplified method filers only: enter the total square footage of: (a) your home: _____ and (b) the part of your home used for business: _____. Use the Simplified Method Worksheet in the instructions to figure the amount to enter on line 30  .  .  . | | | | | 30 | |
| 31 | **Net profit or (loss).** Subtract line 30 from line 29. <br>• If a profit, enter on both **Form 1040, line 12** (or **Form 1040NR, line 13**) and on **Schedule SE, line 2.** (If you checked the box on line 1, see instructions). Estates and trusts, enter on **Form 1041, line 3.** <br>• If a loss, you **must** go to line 32. | | | | | 31 | 11206 |

| | |
|---|---|
| 32 | If you have a loss, check the box that describes your investment in this activity (see instructions). <br>• If you checked 32a, enter the loss on both **Form 1040, line 12,** (or **Form 1040NR, line 13**) and on **Schedule SE, line 2.** (If you checked the box on line 1, see the line 31 instructions). Estates and trusts, enter on **Form 1041, line 3.** <br>• If you checked 32b, you **must** attach **Form 6198.** Your loss may be limited. |

32a ☐ All investment is at risk.
32b ☐ Some investment is not at risk.

For Paperwork Reduction Act Notice, see the separate instructions.

Cat. No. 11334P

Schedule C (Form 1040) 2015

Schedule C (Form 1040) 2015

Page **2**

| **Part III** | **Cost of Goods Sold** (see instructions) |

| 33 | Method(s) used to value closing inventory: | **a** ☐ Cost | **b** ☐ Lower of cost or market | **c** ☐ Other (attach explanation) |

34 | Was there any change in determining quantities, costs, or valuations between opening and closing inventory? If "Yes," attach explanation . . . . . . . . . . . . . . . . . . . . . . . . . | ☐ Yes ☐ No

| | | | |
|---|---|---|---|
| 35 | Inventory at beginning of year. If different from last year's closing inventory, attach explanation . . . | 35 | 0 |
| 36 | Purchases less cost of items withdrawn for personal use . . . . . . . . . . | 36 | 17513 |
| 37 | Cost of labor. Do not include any amounts paid to yourself . . . . . . . | 37 | |
| 38 | Materials and supplies . . . . . . . . . . . . . . . . . . . | 38 | |
| 39 | Other costs . . . . . . . . . . . . . . . . . . . . . . | 39 | |
| 40 | Add lines 35 through 39 . . . . . . . . . . . . . . . . . . | 40 | 17513 |
| 41 | Inventory at end of year . . . . . . . . . . . . . . . . . . | 41 | 0 |
| 42 | **Cost of goods sold.** Subtract line 41 from line 40. Enter the result here and on line 4 . . . . . | 42 | 17513 |

| **Part IV** | **Information on Your Vehicle.** Complete this part **only** if you are claiming car or truck expenses on line 9 and are not required to file Form 4562 for this business. See the instructions for line 13 to find out if you must file Form 4562. |

43 | When did you place your vehicle in service for business purposes? (month, day, year)  ▶ _____ / _____ / _____

44 | Of the total number of miles you drove your vehicle during 2015, enter the number of miles you used your vehicle for:

**a** Business _____ **b** Commuting (see instructions) _____ **c** Other _____

45 | Was your vehicle available for personal use during off-duty hours? . . . . . . . . . . | ☐ Yes ☐ No

46 | Do you (or your spouse) have another vehicle available for personal use? . . . . . . . . | ☐ Yes ☐ No

47a | Do you have evidence to support your deduction? . . . . . . . . . . . . . | ☐ Yes ☐ No

**b** | If "Yes," is the evidence written? . . . . . . . . . . . . . . . . . . | ☐ Yes ☐ No

| **Part V** | **Other Expenses.** List below business expenses not included on lines 8–26 or line 30. |

| | |
|---|---|
| SHIPPING | 2578 |
| ART SHOW | 825 |
| PHONE | 1204 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| 48 | Total other expenses. Enter here and on line 27a . . . . . . . . . . . . . . | 48 | 4607 |

Schedule C (Form 1040) 2015

(DRAFT)

**SCHEDULE C**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service (99)

## Profit or Loss From Business
(Sole Proprietorship)

► Information about Schedule C and its separate instructions is at *www.irs.gov/schedulec*.
► Attach to Form 1040, 1040NR, or 1041; partnerships generally must file Form 1065.

OMB No. 1545-0074

**2015**

Attachment
Sequence No. 09

| Name of proprietor | Social security number (SSN) |
|---|---|
| TODD GOLDMAN | |

| A | Principal business or profession, including product or service (see instructions) | B Enter code from instructions |
|---|---|---|
| | COMMISSIONS FROM BOOKS | ► |

| C | Business name. If no separate business name, leave blank. | D Employer ID number (EIN), (see instr.) |
|---|---|---|

| E | Business address (including suite or room no.) ► 565 BAYVIEW DR |
|---|---|
| | City, town or post office, state, and ZIP code     BELLEAIR FL 33756 |

F   Accounting method:   (1) ☑ Cash   (2) ☐ Accrual   (3) ☐ Other (specify) ►

G   Did you "materially participate" in the operation of this business during 2015? If "No," see instructions for limit on losses   .   ☐ Yes   ☐ No

H   If you started or acquired this business during 2015, check here   .   .   .   .   .   .   .   .   ►☐

I   Did you make any payments in 2015 that would require you to file Form(s) 1099? (see instructions)   .   ☐ Yes   ☐ No

J   If "Yes," did you or will you file required Forms 1099?   .   ☐ Yes   ☐ No

### Part I    Income

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales. See instructions for line 1 and check the box if this income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked   .   .   .   .   .   .   ►☐ | 1 | 53579 |
| 2 | Returns and allowances | 2 | |
| 3 | Subtract line 2 from line 1 | 3 | 53579 |
| 4 | Cost of goods sold (from line 42) | 4 | |
| 5 | **Gross profit.** Subtract line 4 from line 3 | 5 | 53579 |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) | 6 | |
| 7 | **Gross income.** Add lines 5 and 6   .   .   .   .   .   .   .   .   .   .   .   .   ► | 7 | 53579 |

### Part II    Expenses. Enter expenses for business use of your home only on line 30.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 8 | Advertising   . | 8 | | 18 | Office expense (see instructions) | 18 | 2493 |
| 9 | Car and truck expenses (see instructions)   .   .   .   . | 9 | | 19 | Pension and profit-sharing plans   . | 19 | |
| 10 | Commissions and fees   . | 10 | 9455 | 20 | Rent or lease (see instructions): | | |
| 11 | Contract labor (see instructions) | 11 | | a | Vehicles, machinery, and equipment | 20a | |
| 12 | Depletion   . | 12 | | b | Other business property   .   .   . | 20b | |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see instructions)   .   .   .   . | 13 | | 21 | Repairs and maintenance   .   . | 21 | |
| | | | | 22 | Supplies (not included in Part III)   . | 22 | 1699 |
| | | | | 23 | Taxes and licenses   .   .   . | 23 | |
| 14 | Employee benefit programs (other than on line 19)   . | 14 | | 24 | Travel, meals, and entertainment: | | |
| | | | | a | Travel   .   .   .   .   .   . | 24a | |
| 15 | Insurance (other than health) | 15 | | b | Deductible meals and entertainment (see instructions) | 24b | |
| 16 | Interest: | | | 25 | Utilities   .   .   .   .   . | 25 | |
| a | Mortgage (paid to banks, etc.) | 16a | | 26 | Wages (less employment credits) | 26 | |
| b | Other   .   .   .   .   . | 16b | | 27a | Other expenses (from line 48)   . | 27a | 19954 |
| 17 | Legal and professional services | 17 | | 27b | Reserved for future use   .   . | 27b | |

| | | | |
|---|---|---|---|
| 28 | **Total expenses** before expenses for business use of home. Add lines 8 through 27a   .   .   .   ► | 28 | 33601 |
| 29 | **Tentative profit or (loss).** Subtract line 28 from line 7   .   .   . | 29 | 19878 |
| 30 | Expenses for business use of your home. Do not report these expenses elsewhere. Attach Form 8829 unless using the simplified method (see instructions). Simplified method filers only: enter the total square footage of: (a) your home: _____ and (b) the part of your home used for business: _____. Use the Simplified Method Worksheet in the instructions to figure the amount to enter on line 30   .   .   . | 30 | |
| 31 | **Net profit or (loss).** Subtract line 30 from line 29.    • If a profit, enter on both **Form 1040, line 12** (or **Form 1040NR, line 13**) and on **Schedule SE, line 2.** (If you checked the box on line 1, see instructions). Estates and trusts, enter on **Form 1041, line 3.**    • If a loss, you **must** go to line 32. | 31 | 19878 |
| 32 | If you have a loss, check the box that describes your investment in this activity (see instructions).    • If you checked 32a, enter the loss on both **Form 1040, line 12,** (or **Form 1040NR, line 13**) and on **Schedule SE, line 2.** (If you checked the box on line 1, see the line 31 instructions). Estates and trusts, enter on **Form 1041, line 3.**    • If you checked 32b, you **must** attach Form 6198. Your loss may be limited. | 32a ☐ All investment is at risk. 32b ☐ Some investment is not at risk. |

For Paperwork Reduction Act Notice, see the separate instructions.          Cat. No. 11334P          Schedule C (Form 1040) 2015

Schedule C (Form 1040) 2015

Page 2

## Part III   Cost of Goods Sold  (see instructions)

| | | | | |
|---|---|---|---|---|
| 33 | Method(s) used to value closing inventory:  a ☐ Cost   b ☐ Lower of cost or market   c ☐ Other (attach explanation) | | | |
| 34 | Was there any change in determining quantities, costs, or valuations between opening and closing inventory? If "Yes," attach explanation . . . . . . . . . . . . . . . . . . . . . . . . . .    ☐ Yes   ☐ No | | | |
| 35 | Inventory at beginning of year. If different from last year's closing inventory, attach explanation . . . | **35** | | |
| 36 | Purchases less cost of items withdrawn for personal use . . . . . . . . . . . | **36** | | |
| 37 | Cost of labor. Do not include any amounts paid to yourself . . . . . . . . . . | **37** | | |
| 38 | Materials and supplies . . . . . . . . . . . . . . . . . . . . | **38** | | |
| 39 | Other costs . . . . . . . . . . . . . . . . . . . . . . . | **39** | | |
| 40 | Add lines 35 through 39 . . . . . . . . . . . . . . . . . . . | **40** | | |
| 41 | Inventory at end of year . . . . . . . . . . . . . . . . . . . | **41** | | |
| 42 | **Cost of goods sold.** Subtract line 41 from line 40. Enter the result here and on line 4 . . . . . . | **42** | | |

## Part IV   Information on Your Vehicle.  Complete this part **only** if you are claiming car or truck expenses on line 9 and are not required to file Form 4562 for this business. See the instructions for line 13 to find out if you must file Form 4562.

43  When did you place your vehicle in service for business purposes? (month, day, year)   ▶ _____ / _____ / _____

44  Of the total number of miles you drove your vehicle during 2015, enter the number of miles you used your vehicle for:

a  Business _____   b  Commuting (see instructions) _____   c  Other _____

45  Was your vehicle available for personal use during off-duty hours? . . . . . . . . . .   ☐ Yes   ☐ No

46  Do you (or your spouse) have another vehicle available for personal use? . . . . . . . .   ☐ Yes   ☐ No

47a  Do you have evidence to support your deduction? . . . . . . . . . . . . . .   ☐ Yes   ☐ No

b  If "Yes," is the evidence written? . . . . . . . . . . . . . . . . . . .   ☐ Yes   ☐ No

## Part V   Other Expenses.  List below business expenses not included on lines 8–26 or line 30.

| | |
|---|---|
| OUTSIDE SERVICES | 18750 |
| PHONE | 1204 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| 48   Total other expenses. Enter here and on line 27a . . . . . . . . . . . . .   48 | 19954 |

Schedule C (Form 1040) 2015

(DRAFT)

**SCHEDULE C**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service (99)

**Profit or Loss From Business**
(Sole Proprietorship)

► Information about Schedule C and its separate instructions is at *www.irs.gov/schedulec.*
► Attach to Form 1040, 1040NR, or 1041; partnerships generally must file Form 1065.

OMB No. 1545-0074

**2015**

Attachment
Sequence No. **09**

Name of proprietor
**TODD GOLDMAN**

Social security number (SSN)

**A** Principal business or profession, including product or service (see instructions)
**SCRIPTS/CARTOONS**

**B** Enter code from instructions
►

**C** Business name. If no separate business name, leave blank.

**D** Employer ID number (EIN), (see instr.)

**E** Business address (including suite or room no.) ►

City, town or post office, state, and ZIP code

**F** Accounting method:   (1) ☑ Cash   (2) ☐ Accrual   (3) ☐ Other (specify) ►

**G** Did you "materially participate" in the operation of this business during 2015? If "No," see instructions for limit on losses .   ☑ Yes   ☐ No

**H** If you started or acquired this business during 2015, check here . . . . . . . . . . . . . ►   ☐

**I** Did you make any payments in 2015 that would require you to file Form(s) 1099? (see instructions)   ☐ Yes   ☑ No

**J** If "Yes," did you or will you file required Forms 1099? . . . . . . . . . . . . . . .   ☐ Yes   ☐ No

### Part I  Income

| | | | |
|---|---|---|---|
| 1 | Gross receipts or sales. See instructions for line 1 and check the box if this income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked . . . . . . . . ► ☐ | **1** | 9748 |
| 2 | Returns and allowances . . . . . . . . . . . . . . . . . . . . . . . | **2** | |
| 3 | Subtract line 2 from line 1 . . . . . . . . . . . . . . . . . . . . . | **3** | 9748 |
| 4 | Cost of goods sold (from line 42) . . . . . . . . . . . . . . . . . . . | **4** | |
| 5 | **Gross profit.** Subtract line 4 from line 3 . . . . . . . . . . . . . . . . . | **5** | 9748 |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) | **6** | |
| 7 | **Gross income.** Add lines 5 and 6 . . . . . . . . . . . . . . . . . . ► | **7** | 9748 |

### Part II  Expenses. Enter expenses for business use of your home **only** on line 30.

| | | | | | | |
|---|---|---|---|---|---|---|
| 8 | Advertising . . . . | **8** | | 18 | Office expense (see instructions) | **18** | |
| 9 | Car and truck expenses (see instructions). . . . | **9** | | 19 | Pension and profit-sharing plans | **19** | |
| 10 | Commissions and fees . | **10** | | 20 | Rent or lease (see instructions): | | |
| 11 | Contract labor (see instructions) | **11** | | a | Vehicles, machinery, and equipment | **20a** | |
| 12 | Depletion . . . . | **12** | | b | Other business property . . | **20b** | |
| 13 | Depreciation and section 179 expense deduction (not included in Part III) (see instructions) . . . | **13** | | 21 | Repairs and maintenance . . | **21** | |
| | | | | 22 | Supplies (not included in Part III) . | **22** | 1699 |
| | | | | 23 | Taxes and licenses . . . . | **23** | |
| 14 | Employee benefit programs (other than on line 19) . . | **14** | | 24 | Travel, meals, and entertainment: | | |
| 15 | Insurance (other than health) | **15** | | a | Travel . . . . . . . | **24a** | |
| 16 | Interest: | | | b | Deductible meals and entertainment (see instructions) | **24b** | |
| a | Mortgage (paid to banks, etc.) | **16a** | | 25 | Utilities . . . . . . | **25** | |
| b | Other . . . . . . | **16b** | | 26 | Wages (less employment credits) . | **26** | |
| 17 | Legal and professional services | **17** | | 27a | Other expenses (from line 48) . | **27a** | 3069 |
| | | | | b | Reserved for future use . . | **27b** | |
| 28 | **Total expenses** before expenses for business use of home. Add lines 8 through 27a . . . . . . . . ► | | | | | **28** | 4768 |
| 29 | Tentative profit or (loss). Subtract line 28 from line 7 . . . . . . . . . . . . . . | | | | | **29** | 4980 |
| 30 | Expenses for business use of your home. Do not report these expenses elsewhere. Attach Form 8829 unless using the simplified method (see instructions).  **Simplified method filers only:** enter the total square footage of: (a) your home: _____  and (b) the part of your home used for business: _____. Use the Simplified Method Worksheet in the instructions to figure the amount to enter on line 30 . . . . . . | | | | | **30** | |
| 31 | **Net profit or (loss).** Subtract line 30 from line 29.   • If a profit, enter on both **Form 1040, line 12** (or **Form 1040NR, line 13**) and on **Schedule SE, line 2.** (If you checked the box on line 1, see instructions). Estates and trusts, enter on **Form 1041, line 3.**   • If a loss, you **must** go to line 32. | | | | | **31** | 4980 |
| 32 | If you have a loss, check the box that describes your investment in this activity (see instructions).   • If you checked 32a, enter the loss on both **Form 1040, line 12,** (or **Form 1040NR, line 13**) and on **Schedule SE, line 2.** (If you checked the box on line 1, see the line 31 instructions). Estates and trusts, enter on **Form 1041, line 3.**   • If you checked 32b, you **must** attach **Form 6198.** Your loss may be limited. | | | | | 32a ☐ All investment is at risk. 32b ☐ Some investment is not at risk. | |

For Paperwork Reduction Act Notice, see the separate instructions.   Cat. No. 11334P   Schedule C (Form 1040) 2015

Schedule C (Form 1040) 2015

**Part III    Cost of Goods Sold  (see instructions)**

Page **2**

| | | | |
|---|---|---|---|
| 33 | Method(s) used to value closing inventory:    a ☐ Cost    b ☐ Lower of cost or market    c ☐ Other (attach explanation) | | |
| 34 | Was there any change in determining quantities, costs, or valuations between opening and closing inventory? If "Yes," attach explanation . . . . . . . . . . . . . . . . . . . . . . . . . .    ☐ Yes    ☐ No | | |
| 35 | Inventory at beginning of year. If different from last year's closing inventory, attach explanation . . . | 35 | |
| 36 | Purchases less cost of items withdrawn for personal use . . . . . . . . . . . | 36 | |
| 37 | Cost of labor. Do not include any amounts paid to yourself . . . . . . . . . | 37 | |
| 38 | Materials and supplies . . . . . . . . . . . . . . . . . . . . | 38 | |
| 39 | Other costs . . . . . . . . . . . . . . . . . . . . . . | 39 | |
| 40 | Add lines 35 through 39 . . . . . . . . . . . . . . . . . . | 40 | |
| 41 | Inventory at end of year . . . . . . . . . . . . . . . . . . | 41 | |
| 42 | **Cost of goods sold.** Subtract line 41 from line 40. Enter the result here and on line 4 . . . . . | 42 | |

**Part IV    Information on Your Vehicle.  Complete this part only** if you are claiming car or truck expenses on line 9 and are not required to file Form 4562 for this business. See the instructions for line 13 to find out if you must file Form 4562.

43    When did you place your vehicle in service for business purposes? (month, day, year)    ▶ ___ / ___ / ___

44    Of the total number of miles you drove your vehicle during 2015, enter the number of miles you used your vehicle for:

a    Business _____    b Commuting (see instructions) _____    c Other _____

45    Was your vehicle available for personal use during off-duty hours? . . . . . . . . . .    ☐ Yes    ☐ No

46    Do you (or your spouse) have another vehicle available for personal use? . . . . . . . . .    ☐ Yes    ☐ No

47a    Do you have evidence to support your deduction? . . . . . . . . . . . . . . .    ☐ Yes    ☐ No

b    If "Yes," is the evidence written? . . . . . . . . . . . . . . . . . . .    ☐ Yes    ☐ No

**Part V    Other Expenses.  List below business expenses not included on lines 8–26 or line 30.**

| | |
|---|---|
| COMPUTER | 1865 |
| PHONE | 1204 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| 48    Total other expenses. Enter here and on line 27a . . . . . . . . . . . .    48 | 3069 |

Schedule C (Form 1040) 2015

(DRAFT)

| SCHEDULE E<br>(Form 1040) | Supplemental Income and Loss | OMB No. 1545-0074 |
|---|---|---|
| Department of the Treasury<br>Internal Revenue Service (99) | (From rental real estate, royalties, partnerships, S corporations, estates, trusts, REMICs, etc.)<br>► Attach to Form 1040, 1040NR, or Form 1041.<br>►Information about Schedule E and its separate instructions is at *www.irs.gov/schedulee.* | **2015**<br>Attachment<br>Sequence No. **13** |

Name(s) shown on return: Todd Goldman    Your social security number

**Part I** Income or Loss From Rental Real Estate and Royalties   Note: If you are in the business of renting personal property, use Schedule C or C-EZ (see instructions). If you are an individual, report farm rental income or loss from Form 4835 on page 2, line 40.

A Did you make any payments in 2015 that would require you to file Form(s) 1099? (see instructions) ☑ Yes ☐ No

B If "Yes," did you or will you file required Forms 1099? ☐ Yes ☑ No

**1a** Physical address of each property (street, city, state, ZIP code)

| | |
|---|---|
| A | 548 PALMETTO RD BELLEAIR FL 33756 |
| B | |
| C | |

| 1b | Type of Property<br>(from list below) | 2 For each rental real estate property listed above, report the number of fair rental and personal use days. Check the **QJV** box only if you meet the requirements to file as a qualified joint venture. See instructions. | | Fair Rental Days | Personal Use Days | QJV |
|---|---|---|---|---|---|---|
| A | 1 | | A | | | ☐ |
| B | | | B | | | ☐ |
| C | | | C | | | ☐ |

**Type of Property:**

1 Single Family Residence   3 Vacation/Short-Term Rental  5 Land      7 Self-Rental
2 Multi-Family Residence    4 Commercial          6 Royalties   8 Other (describe)

| Income: | Properties: | | A | B | C |
|---|---|---|---|---|---|
| 3 | Rents received | 3 | 8990 | | |
| 4 | Royalties received | 4 | | | |
| **Expenses:** | | | | | |
| 5 | Advertising | 5 | | | |
| 6 | Auto and travel (see instructions) | 6 | | | |
| 7 | Cleaning and maintenance | 7 | 2025 | | |
| 8 | Commissions | 8 | | | |
| 9 | Insurance | 9 | | | |
| 10 | Legal and other professional fees | 10 | | | |
| 11 | Management fees | 11 | | | |
| 12 | Mortgage interest paid to banks, etc. (see instructions) | 12 | 8568 | | |
| 13 | Other interest | 13 | | | |
| 14 | Repairs | 14 | 8634 | | |
| 15 | Supplies | 15 | | | |
| 16 | Taxes | 16 | 2959 | | |
| 17 | Utilities | 17 | | | |
| 18 | Depreciation expense or depletion | 18 | | | |
| 19 | Other (list) ► | 19 | | | |
| 20 | Total expenses. Add lines 5 through 19 | 20 | 22186 | | |
| 21 | Subtract line 20 from line 3 (rents) and/or 4 (royalties). If result is a (loss), see instructions to find out if you must file Form 6198 | 21 | (13196) | | |
| 22 | Deductible rental real estate loss after limitation, if any, on **Form 8582** (see instructions) | 22 | ( ) | ( ) | ( ) |

| 23a | Total of all amounts reported on line 3 for all rental properties | 23a | |
|---|---|---|---|
| b | Total of all amounts reported on line 4 for all royalty properties | 23b | |
| c | Total of all amounts reported on line 12 for all properties | 23c | |
| d | Total of all amounts reported on line 18 for all properties | 23d | |
| e | Total of all amounts reported on line 20 for all properties | 23e | |
| 24 | **Income.** Add positive amounts shown on line 21. **Do not** include any losses | 24 | |
| 25 | **Losses.** Add royalty losses from line 21 and rental real estate losses from line 22. Enter total losses here | 25 | ( 13196 ) |
| 26 | **Total rental real estate and royalty income or (loss).** Combine lines 24 and 25. Enter the result here. If Parts II, III, IV, and line 40 on page 2 do not apply to you, also enter this amount on Form 1040, line 17, or Form 1040NR, line 18. Otherwise, include this amount in the total on line 41 on page 2 | 26 | (13196) |

For Paperwork Reduction Act Notice, see the separate instructions.    Cat. No. 11344L    Schedule E (Form 1040) 2015

Schedule E (Form 1040) 2015

Attachment Sequence No. **13**

Page **2**

Name(s) shown on return. Do not enter name and social security number if shown on other side.

Your social security number

**Caution.** The IRS compares amounts reported on your tax return with amounts shown on Schedule(s) K-1.

| Part II | Income or Loss From Partnerships and S Corporations | **Note:** If you report a loss from an at-risk activity for which any amount is **not** at risk, you **must** check the box in column (e) on line 28 and attach **Form 6198.** See instructions. |

**27** Are you reporting any loss not allowed in a prior year due to the at-risk, excess farm loss, or basis limitations, a prior year unallowed loss from a passive activity (if that loss was not reported on Form 8582), or unreimbursed partnership expenses? If you answered "Yes," see instructions before completing this section. ☐ **Yes** ☐ **No**

**28**

| (a) Name | (b) Enter P for partnership; S for S corporation | (c) Check if foreign partnership | (d) Employer identification number | (e) Check if any amount is not at risk |
|---|---|---|---|---|
| **A** | | | ☐ | | ☐ |
| **B** | | | ☐ | | ☐ |
| **C** | | | ☐ | | ☐ |
| **D** | | | ☐ | | ☐ |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (f) Passive loss allowed (attach Form 8582 if required) | (g) Passive income from Schedule K-1 | (h) Nonpassive loss from Schedule K-1 | (i) Section 179 expense deduction from Form 4562 | (j) Nonpassive income from Schedule K-1 |
| **A** | | | | | |
| **B** | | | | | |
| **C** | | | | | |
| **D** | | | | | |
| **29a** Totals | | | | | |
| **b** Totals | | | | | |

**30** Add columns (g) and (j) of line 29a . . . . . . . . . . . . . . . . . . . . . . . **30**

**31** Add columns (f), (h), and (i) of line 29b . . . . . . . . . . . . . . . . . . . . . . **31** ( )

**32** **Total partnership and S corporation income or (loss).** Combine lines 30 and 31. Enter the result here and include in the total on line 41 below . . . . . . . . . . . . . . . . . . **32**

| Part III | Income or Loss From Estates and Trusts |

**33**

| (a) Name | (b) Employer identification number |
|---|---|
| **A** | |
| **B** | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (attach Form 8582 if required) | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| **A** | | | | |
| **B** | | | | |
| **34a** Totals | | | | |
| **b** Totals | | | | |

**35** Add columns (d) and (f) of line 34a . . . . . . . . . . . . . . . . . . . . . . . **35**

**36** Add columns (c) and (e) of line 34b . . . . . . . . . . . . . . . . . . . . . . **36** ( )

**37** **Total estate and trust income or (loss).** Combine lines 35 and 36. Enter the result here and include in the total on line 41 below . . . . . . . . . . . . . . . . . . . . . **37**

| Part IV | Income or Loss From Real Estate Mortgage Investment Conduits (REMICs)—Residual Holder |

**38**

| (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c (see instructions) | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|
| | | | | |

**39** Combine columns (d) and (e) only. Enter the result here and include in the total on line 41 below . . **39**

| Part V | Summary |

**40** Net farm rental income or (loss) from **Form 4835.** Also, complete line 42 below . . . . . . . **40**

**41** Total income or (loss). Combine lines 26, 32, 37, 39, and 40. Enter the result here and on Form 1040, line 17, or Form 1040NR, line 18 ▶ **41**

**42** **Reconciliation of farming and fishing income.** Enter your **gross** farming and fishing income reported on Form 4835, line 7; Schedule K-1 (Form 1065), box 14, code B; Schedule K-1 (Form 1120S), box 17, code V; and Schedule K-1 (Form 1041), box 14, code F (see instructions) . . **42**

**43** **Reconciliation for real estate professionals.** If you were a real estate professional (see instructions), enter the net income or (loss) you reported anywhere on Form 1040 or Form 1040NR from all rental real estate activities in which you materially participated under the passive activity loss rules . . **43**

Schedule E (Form 1040) 2015

| Form **1120S** | | **U.S. Income Tax Return for an S Corporation** | | | OMB No. 1545-0123 |
|---|---|---|---|---|---|
| Department of the Treasury<br>Internal Revenue Service | | ► Do not file this form unless the corporation has filed or is<br>attaching Form 2553 to elect to be an S corporation.<br>► Information about Form 1120S and its separate instructions is at *www.irs.gov/form1120s*. | | | **2014** |

For calendar year 2014 or tax year beginning _____, 2014, ending _____

| A | S election effective date<br>04/17/08 | **TYPE**<br>**OR**<br>**PRINT** | Name<br>THE POP FACTORY OF LOS ANGELES, INC. | | | D | Employer Identification number |
|---|---|---|---|---|---|---|---|
| B | Business activity code<br>number (see instrs)<br>453920 | | Number, street, and room or suite no. If a P.O. box, see instructions.<br>1419 SOUTH MARTIN LUTHER KING JR AVE | | | E | Date incorporated<br>04/17/08 |
| | □ Check If Schedule<br>M-3 attached | | City or town, state or province, country, and ZIP or foreign postal code<br>CLEARWATER                          FL 33756 | | | F | Total assets (see instructions)<br>$      79,437. |

G  Is the corporation electing to be an S corporation beginning with this tax year?  ☐ Yes  ☒ No  If 'Yes,' attach Form 2553 if not already filed

H  Check if: **(1)** ☐ Final return  **(2)** ☐ Name change  **(3)** ☐ Address change
                    **(4)** ☐ Amended return  **(5)** ☐ S election termination or revocation

I  Enter the number of shareholders who were shareholders during any part of the tax year . . . . . . . . . . ►  2

**Caution.** Include only trade or business income and expenses on lines 1a through 21. See the instructions for more information.

| | | | | | |
|---|---|---|---|---:|---:|
| **I**<br>**N**<br>**C**<br>**O**<br>**M**<br>**E** | 1 a | Gross receipts or sales . . . . . . . . . . . . . . . . . . . . . . . . . . | 1a | 73,794. | |
| | b | Returns and allowances . . . . . . . . . . . . . . . . . . . . . . . . . | 1b | 7,715. | |
| | c | Balance. Subtract line 1b from line 1a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 1c | 66,079. |
| | 2 | Cost of goods sold (attach Form 1125-A) . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 2 | 40,031. |
| | 3 | Gross profit. Subtract line 2 from line 1c . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 3 | 26,048. |
| | 4 | Net gain (loss) from Form 4797, line 17 (attach Form 4797) . . . . . . . . . . . . . . . . . . | | 4 | |
| | 5 | Other income (loss) (see instrs — att statement) . . . . . . . . . . . . . . . . . . . . . . . | | 5 | |
| | 6 | **Total income (loss).** Add lines 3 through 5 . . . . . . . . . . . . . . . . . . . . . . . . ► | | 6 | 26,048. |
| **D**<br>**E**<br>**D**<br>**U**<br>**C**<br>**T**<br>**I**<br>**O**<br>**N**<br>**S**<br><br>**S**<br>**E**<br>**E**<br><br>**I**<br>**N**<br>**S**<br>**T**<br>**R**<br>**S** | 7 | Compensation of officers (see instructions - attach Form 1125-E) . . . . . . . . . . . . . . | | 7 | |
| | 8 | Salaries and wages (less employment credits) . . . . . . . . . . . . . . . . . . . . . . . | | 8 | |
| | 9 | Repairs and maintenance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 9 | |
| | 10 | Bad debts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 10 | |
| | 11 | Rents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 11 | |
| | 12 | Taxes and licenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 12 | 261. |
| | 13 | Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 13 | 174. |
| | 14 | Depreciation not claimed on Form 1125-A or elsewhere on return (attach Form 4562) . . . . | | 14 | 0. |
| | 15 | Depletion (Do not deduct oil and gas depletion.) . . . . . . . . . . . . . . . . . . . . . | | 15 | |
| | 16 | Advertising . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 16 | 2,875. |
| | 17 | Pension, profit-sharing, etc, plans . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 17 | |
| | 18 | Employee benefit programs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 18 | |
| | 19 | Other deductions (attach statement) . . . . . . . . . . . . STMT | | 19 | 87,664. |
| | 20 | **Total deductions.** Add lines 7 through 19 . . . . . . . . . . . . . . . . . . . . . . . . ► | | 20 | 90,974. |
| | 21 | Ordinary business income (loss). Subtract line 20 from line 6 . . . . . . . . . . . . . . . | | 21 | -64,926. |
| **T**<br>**A**<br>**X**<br><br>**A**<br>**N**<br>**D**<br><br>**P**<br>**A**<br>**Y**<br>**M**<br>**E**<br>**N**<br>**T**<br>**S** | 22 a | Excess net passive income or LIFO recapture<br>tax (see instructions) . . . . . . . . . . . . . . . . . . . | 22a | | |
| | b | Tax from Schedule D (Form 1120S) . . . . . . . . . . | 22b | | |
| | c | Add lines 22a and 22b (see instructions for additional taxes) . . . . . . . . . . . . . . . | | 22c | |
| | 23 a | 2014 estimated tax payments and 2013 overpayment credited to 2014 . . . | 23a | | |
| | b | Tax deposited with Form 7004 . . . . . . . . . . . . | 23b | 0. | |
| | c | Credit for federal tax paid on fuels (attach Form 4136) . . . . | 23c | | |
| | d | Add lines 23a through 23c . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 23d | 0. |
| | 24 | Estimated tax penalty (see instructions). Check if Form 2220 is attached . . . . . . . . ☐ | | 24 | |
| | 25 | Amount owed. If line 23d is smaller than the total of lines 22c and 24, enter amount owed . . | | 25 | |
| | 26 | Overpayment. If line 23d is larger than the total of lines 22c and 24, enter amount overpaid . | | 26 | 0. |
| | 27 | Enter amount from line 26 Credited to 2015 estimated tax ►  _____  Refunded ► | | 27 | |

**Sign<br>Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| ► _____<br>Signature of officer | Date _____ | ► **PRESIDENT**<br>Title | May the IRS discuss this return<br>with the preparer shown below<br>(see instructions)?  ☐ Yes  ☐ No |
|---|---|---|---|

| **Paid<br>Preparer<br>Use Only** | Print/Type preparer's name | Preparer's signature<br>*Self-Prepared* | Date | Check ☐ if<br>self-employed | PTIN |
|---|---|---|---|---|---|
| | Firm's name ► | | | Firm's EIN ► | |
| | Firm's address ► | | | Phone no. | |

BAA  For Paperwork Reduction Act Notice, see separate instructions.          SPSA0112  08/06/14          Form **1120S** (2014)

| Date | Description | Note | Type | Amount |
|---|---|---|---|---|
| 01/22/2016 | DEPOSIT | *MOM LOAN* | CREDIT | 5,000.00 |
| 01/21/2016 | CREDIT SURCHARGE REBATE | | CREDIT | 6.00 |
| 01/20/2016 | PREAUTHORIZED CREDIT Nicholas Michael F FEARNLEY N 1000701243 5177158 1000701243IAT  *RENT PRORATED* | | CREDIT | 1,380.45 |
| 01/14/2016 | POS REFUND MERCHANT REFUND TERM/NAL 85438399 BREAKTHROUGH PAREN TING 310-207-9 CA TRAN DATE 01-12-16 TRAN TIME 12:00 AM | | CREDIT | 54.50 |
| 01/07/2016 | DEPOSIT  *CARPOOL - SOLD GIFT CARDS* | | CREDIT | 1,584.30 |
| 01/04/2016 | DEPOSIT  *RENT PALMETTO* | | CREDIT | 2,200.00 |
| 12/31/2015 | POS REFUND MERCHANT REFUND TERM/NAL 85177495 Shores, LLC * MARINA DE CA TRAN DATE 12-30-15 TRAN TIME 12:00 AM | | CREDIT | 500.00 |
| 12/28/2015 | POS REFUND MERCHANT REFUND TERM/NAL 55541865 THE HOME DEPOT 661 1 LOS ANGEL CA TRAN DATE 12-26-15 TRAN TIME 12:00 AM | | CREDIT | 26.20 |
| 12/23/2015 | PREAUTHORIZED CREDIT PAYPAL TRANSFER PAYPALSD11 PAYPALSD11PPD  *EBAY ART* | | CREDIT | 879.40 |
| 12/22/2015 | DOMESTIC WIRE 'N INCOMING WIRE ORG TURNER FINE AR TS LTD:REF PET/7026 58352:WIRE/IN - 20 153560046600  *LONDON ART* | | CREDIT | 1,480.00 |
| 12/21/2015 | PREAUTHORIZED CREDIT PAYPAL VERIFYBANK PAYPALR033 PAYPALR033PPD | | CREDIT | 0.13 |
| 12/21/2015 | PREAUTHORIZED CREDIT PAYPAL VERIFYBANK PAYPALR033 PAYPALR033PPD | | CREDIT | 0.05 |
| 12/21/2015 | DEPOSIT  *SUPERLY BOOK* | | CREDIT | 17,000.00 |
| 12/14/2015 | DEPOSIT  *DOG TAG ART* | | CREDIT | 111.00 |
| 12/08/2015 | DEPOSIT  *ART* | | CREDIT | 387.38 |
| 12/02/2015 | POS REFUND MERCHANT REFUND TERM/NAL 85134295 CALL RECORDING 8885/1026 ON TRAN DATE 12-01-15 TRAN TIME 12:00 AM | | CREDIT | 10.00 |
| 11/23/2015 | DEPOSIT  *RENT PALMETTO + BEAM BOOK - LESS 500 CASH* | | CREDIT | 3,627.56 |
| 11/25/2015 | DEPOSIT  *CA REFUND - LESS 500 CASH* | | CREDIT | 3,694.26 |
| 11/21/2015 | CREDIT SURCHARGE REBATE | | CREDIT | 3.00 |
| 11/05/2015 | DEPOSIT  *AMERICAN GREETINGS* | | CREDIT | 6,338.44 |
| 11/03/2015 | DEPOSIT  *STEM LOAN + RENT PALMETTO* | | CREDIT | 22,300.00 |
| 11/03/2015 | POS REFUND MERCHANT REFUND TERM/NAL 55438875 LA VALENCIA HOTEL LA JOLLA CA TRAN DATE 10-30-15 TRAN TIME 12:00 AM | | CREDIT | 393.31 |

**Not Categorized Total:  $66,775.98**

THE POP FACTORY OF LOS ANGELES, INC. ████████████                                    1

Form 1120S, Page 1, Line 19
**Other Deductions**

| | |
|---|---|
| ACCOUNTING & BILLING | 4,456. |
| BANK CHARGES | 211. |
| COMMISSIONS | 7,242. |
| CONTRACT LABOR | 4,500. |
| FREIGHT | 7,225. |
| MARKETING | 662. |
| OFFICE SUPPLIES | 400. |
| POSTAGE AND DELIVERY | 122. |
| PROFESSIONAL FEES | 5,700. |
| SALES EXPENSES | 32,734. |
| SAMPLES | 1,802. |
| STORAGE-INVENTORY | 800. |
| TELEPHONE/INTERNET | 400. |
| TRADESHOW EXPENSES | 16,556. |
| TRAVEL | 3,724. |
| WEBSITE DESIGN | 1,130. |
| Total | 87,664. |

Other Current Liabilities:
**1120S, Schedule L, Line 18**

| Other Current Liabilities: | Beginning of tax year | End of tax year |
|---|---|---|
| LOAN PAYABLE-DAVID & GOLIATH | 513. | 4,900. |
| Total | 513. | 4,900. |

Form 1125, Line 5
**Other Costs Statement**

| | |
|---|---|
| BOXES AND SHIPPING MATERIALS | 2,444. |
| FREIGHT IN | 3,950. |
| SHIPPING LABOR | 5,910. |
| Total | 12,304. |

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 15233 Ventura Boulevard, Suite 1100, Sherman Oaks, California 91403.

On **January 25, 2016**, I served the foregoing document described as: <u>RESPONDENT'S INCOME AND EXPENSE DECLARATION</u>

__X__ true copies thereof enclosed in sealed envelopes addressed as follows:

<u>RESPONDENT'S COUNSEL</u>

BROT & GROSS, LLP
15260 VENTURA BLVD, SUITE 1500
SHERMAN OAKS, CA 91403

_____ (BY MAIL)   I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

__X__ **(BY PERSONAL SERVICE)**   I caused such envelope to be delivered by hand to the addressee.

_____ (BY FACSIMILE)   On the interested parties in this action pursuant to CRC Rule 2009(b). The Fax numbers used are indicated above. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

Executed on **January 25, 2016**, at Sherman Oaks, California.

__X__ **(STATE)**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

ROSA RASCON

PROOF OF SERVICE

# EXHIBIT 5

| ATTORNEY (NAME AND ADDRESS): | TELEPHONE NO: | |
|---|---|---|
| ATTORNEY FOR: **Father** | | |
| **DISSOMASTER REPORT**<br>2016, Monthly | CASE NUMBER: | |

| Input Data | Father | Mother | Guideline (2016) | | Cash Flow Analysis | Father | Mother |
|---|---|---|---|---|---|---|---|
| Number of children | 0 | 1 | **Nets (adjusted)** | | **Guideline** | | |
| % time with NCP | 5% | 0% | Father | 2,286 | Payment (cost)/benefit | (536) | 536 |
| Filing status | Single | HH/MLA | Mother | 2,600 | Net spendable income | 1,750 | 3,136 |
| # Federal exemptions | 1* | 2* | Total | 4,886 | % combined spendable | 35.8% | 64.2% |
| Wages + salary | 0 | 0 | **Support** | | Total taxes | 719 | 400 |
| 401(k) emp. contribution | 0 | 0 | CS Payor | Father | # withholding allowances | 0 | 0 |
| Self-employment income | 3,005 | 3,000 | Presumed | (536) | | | |
| Other taxable income | 0 | 0 | Basic CS | (536) | Net wage paycheck/mo | 0 | 0 |
| TANF plus CS received | 0 | 0 | Add-ons | 0 | **Proposed** | | |
| Other nontaxable income | 0 | 0 | Per Kid | | Payment (cost)/benefit | (579) | 579 |
| New-spouse income | 0 | 0 | Child 1 | (536) | Net spendable income | 1,871 | 3,036 |
| Wages + salary | 0 | 0 | Santa Clara SS | 0 | NSI change from gdl | 121 | (100) |
| Self-employment income | 0 | 0 | Total | (536) | % combined spendable | 38.1% | 61.9% |
| SS paid other marriage | 0 | 0 | **Proposed, tactic 9** | | % of saving over gdl | 606.5% | -506.5% |
| Retirement contrib if ATI | 0 | 0 | CS Payor | Father | Total taxes | 556 | 543 |
| Required union dues | 0 | 0 | Presumed | (579) | # withholding allowances | 0 | 0 |
| Nec job-related exp. | 0 | 0 | Basic CS | (579) | | | |
| Adj. to income (ATI) | 0 | 0 | Add-ons | 0 | Net wage paycheck/mo | 0 | 0 |
| SS paid other marriage | 0 | 0 | Per Kid | | Default Case Settings | | |
| CS paid other relationship | 0 | 0 | Child 1 | (579) | | | |
| Health insurance | 0 | 0 | Santa Clara SS | 0 | | | |
| Itemized deductions | 0 | 0 | Total | (579) | | | |
| Other medical expenses | 0 | 0 | Combined Savings | 20 | | | |
| Property tax expenses | 0 | 0 | Total releases to Father | 1 | | | |
| Ded. interest expense | 0 | 0 | | | | | |
| Charitable contribution | 0 | 0 | | | | | |
| Miscellaneous itemized | 0 | 0 | | | | | |
| Required union dues | 0 | 0 | | | | | |
| Mandatory retirement | 0 | 0 | | | | | |
| Hardship deduction | 0* | 0* | | | | | |
| Other gdl. deductions | 0 | 0 | | | | | |
| AMT info (IRS Form 6251) | 0 | 0 | | | | | |
| Child support add-ons | 0 | 0 | | | | | |

FL-320

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd Goldman (In Pro Per)<br>4055 Redwood Avenue, #142<br>Los Angeles, CA 90066<br><br>TELEPHONE NO.: (727) 251-3808    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Respondent, In Pro Per | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JAN 25 2016<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Cesar Pabon, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PETITIONER/PLAINTIFF: NICOLE GOLDMAN

RESPONDENT/DEFENDANT: TODD GOLDMAN

OTHER PARTY:

| RESPONSIVE DECLARATION TO REQUEST FOR ORDER | CASE NUMBER:<br>BD 610524 |
|---|---|
| HEARING DATE:<br>February 5, 2016 | TIME:<br>8:30 a.m. | DEPARTMENT OR ROOM:<br>59 | |

1. [ ] CHILD CUSTODY
   a. [ ] I consent to the order requested.
   b. [ ] I do not consent to the order requested, but I consent to the following order:

2. [ ] CHILD VISITATION (PARENTING TIME)
   a. [ ] I consent to the order requested.
   b. [ ] I do not consent to the order requested, but I consent to the following order:

3. [ ] CHILD SUPPORT
   a. [ ] I consent to the order requested.
   b. [ ] I consent to guideline support.
   c. [ ] I do not consent to the order requested, but I consent to the following order:
      (1) [ ] Guideline
      (2) [ ] Other *(specify):*

4. [ ] SPOUSAL OR PARTNER SUPPORT
   a. [ ] I consent to the order requested.
   b. [ ] I do not consent to the order requested.
   c. [ ] I consent to the following order:

Form Adopted for Mandatory Use
Judicial Council of California
FL-320 [Rev. July 1, 2012]

RESPONSIVE DECLARATION TO REQUEST FOR ORDER

Page 1 of 2

Legal
Solutions
& Plus

FL-320

| PETITIONER/PLAINTIFF: NICOLE GOLDMAN | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: TODD GOLDMAN | BD 610524 |
| OTHER PARTY: | |

5. [X] ATTORNEY'S FEES AND COSTS
    a. [ ] I consent to the order requested.
    b. [X] I do not consent to the order requested.
    c. [X] I consent to the following order:  Subject to allocation at time of trial, each party's respective attorney
    be advanced the sum of $65,000 from the sale of Tarzana property.

6. [ ] PROPERTY RESTRAINT
    a. [ ] I consent to the order requested.
    b. [ ] I do not consent to the order requested.
    c. [ ] I consent to the following order:

7. [X] PROPERTY CONTROL
    a. [ ] I consent to the order requested.
    b. [X] I do not consent to the order requested.
    c. [X] I consent to the following order:  The residence at 4672 Brewster Drive, Tarzana, California, to be
    listed for sale and sold, as Respondent has $250,000 invested from premarital funds put in
    June 2014.

8. [ ] OTHER RELIEF
    a. [ ] I consent to the order requested.
    b. [ ] I do not consent to the order requested.
    c. [ ] I consent to the following order:

9. [X] SUPPORTING INFORMATION
    [X] Contained in the attached declaration. (You may use *Attached Declaration* (form MC-031) for this purpose.)

    SEE ATTACHED POINTS AND AUTHORITIES

    SEE DECLARATION OF RESPONDENT, TODD GOLDMAN

    ALSO SEE RESPONDENT'S INCOME AND EXPENSE DECLARATION.

---

**NOTE:** To respond to domestic violence restraining orders requested in the *Request for Order (Domestic Violence Prevention)* (form DV-100), you must use the *Answer to Temporary Restraining Order (Domestic Violence Prevention)* (form DV-120).

I declare under penalty of perjury under the laws of the State of California that the foregoing and all attachments are true and correct.

Date: January 24, 2016

Todd Goldman
    (TYPE OR PRINT NAME)                    (SIGNATURE OF DECLARANT)

FL-320 [Rev. July 1, 2012]    **RESPONSIVE DECLARATION TO REQUEST FOR ORDER**    Page 2 of 2

FL-319

| | CASE NUMBER: |
|---|---|
| PETITIONER/PLAINTIFF: NICOLE GOLDMAN | |
| RESPONDENT/DEFENDANT: TODD GOLDMAN | BD 610524 |
| OTHER PARTY: | |

## REQUEST FOR ATTORNEY'S FEES AND COSTS ATTACHMENT

1. I am completing this form because:
   a. I need to have enough money for attorney's fees and costs to present my case adequately;
      ☐ I am receiving free legal services from an attorney at a nonprofit legal services agency or a volunteer attorney.
   b. I have less money or limited access to funds to retain or maintain an attorney compared to the party that I am requesting pay for my attorney's fees and costs; and
   c. the party that I want the court to order to pay for my attorney's fees and costs has or is reasonably likely to have the ability to pay for attorney's fees and costs for me and himself or herself.

   **BOTH PARTIES**
2. I am asking the court to order that *(check all that apply):* ☒ petitioner/plaintiff   ☒ respondent/defendant
      ☐ other party *(specify):*       pay for my attorney's fees and costs in this legal proceeding as follows:
   a. ☒ Fees: $ 50,000       **(from sale of Tarzana Property within Respondent**
   b. ☒ Costs: $ 15,000       **has $250,000 invested from premarital funds)**

3. The requested amount includes *(check all that apply):*
   a. ☒ a fee in the amount of: $ 10,000 to hire an attorney in a timely manner  before the proceedings in the matter go forward.
   b. ☒ attorney's fees and costs incurred from the beginning of representation until now in the amount of: $ 255,000
   c. ☒ estimated attorney's fees and costs in the amount of: $ 65,000
   d. ☐ attorney's fees and costs for limited scope representation in the amount of: $

4. Have attorney's fees and costs been ordered in this case before?
   a. ☐ No.
   b. ☒ Yes. If so, describe the order:
      (1) The ☐ petitioner/plaintiff   ☒ respondent/defendant   ☒ other party   must pay: $ 100,000 for attorney's fees and costs.
         (a) This order was made on *(date):* 02-11-15, ordering $100,000 to Respondent's attorney
         (b) From the payment sources of *(if known):* unknown.

         (c) The payments ☐ have been made  ☐ have not been made  ☒ have been made in part since the date of the order.
      (2) ☒ Additional information *(specify):*
         Payment of $35,000 has been made so far. I have no funds in which to pay the order or even afford my own attorney. Remaining funds of $65,000 owed to Petitioner's counsel are available from the sale of the Tarzana residence in which I have $250,000 invested from premarital funds.

5. Along with this *Request* form, you must complete, file and serve:
   a. A current *Income and Expense Declaration* (form FL-150). It is considered current if you have completed form FL-150 within the past three months and no facts have changed since the time of completion; and

Form Approved for Optional Use
Judicial Council of California
FL-319 [New January 1, 2012]

**REQUEST FOR ATTORNEY'S FEES AND
COSTS ATTACHMENT**
(Family Law)

Family Code, §§ 270, 2030, 2032, 3121, 3557,
7605; Cal. Rules of Court, rules 5.425, 5.03

Legal
Solutions
& Plus

FL-319

| PETITIONER/PLAINTIFF: NICOLE GOLDMAN | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: TODD GOLDMAN | |
| OTHER PARTY: | BD 610524 |

5. b. A personal declaration in support of your request for attorney's fees and costs that explains why you need an award of attorney's fees and costs (either *Supporting Declaration for Attorney's Fees and Costs Attachment* (form FL-158) or a comparable declaration that addresses the factors covered in form FL-158).

6. The party requesting attorney's fees and costs must provide the court with sufficient information about the following factors:

   a. The attorney's hourly billing rate;

   b. The nature of the litigation, its difficulty, and the skill required and employed in handling the litigation;

   c. Fees and costs incurred until now; anticipated attorney's fees and costs; and why the fees and costs are just, necessary, and reasonable;

   d. The attorney's experience in the particular type of work demanded; and

   e. If it is a limited scope fee arrangement, the scope of representation.

**Notice to Responding Party**

7. To respond to this request, you must complete, file, and serve:

   a. A *Responsive Declaration* (form FL-320);

   b. A current *Income and Expense Declaration* (form FL-150). It is considered current if you have completed form FL-150 within the past three months and no facts have changes since the time of completion; and

   c. A personal declaration explaining why the court should grant or deny the request for attorney's fees and costs (either *Supporting Declaration for Attorney's Fees and Costs Attachment* (form FL-158) or a comparable declaration that addresses the factors covered in form FL-158).

8. Number of pages attached to this *Request* form: _____

I declare under penalty of perjury under the laws of the State of California that the information contained on all pages of this form and any attachments is true and correct.

Date: January 24, 2016

Todd Goldman
_____
(TYPE OR PRINT NAME)

▶                           _____
                                    (SIGNATURE)

FL-319 [New January 1, 2012]     **REQUEST FOR ATTORNEY'S FEES AND COSTS ATTACHMENT**     Page 2 of 2
                                    (Family Law)

FL-158

| | CASE NUMBER: |
|---|---|
| PETITIONER/PLAINTIFF: NICOLE GOLDMAN | |
| RESPONDENT/DEFENDANT: TODD GOLDMAN | |
| OTHER PARTY: | BD 610524 |

**SUPPORTING DECLARATION FOR ATTORNEY'S FEES AND COSTS ATTACHMENT**

To:   [ ]   *Request for Attorney's Fees and Costs Attachment* (form FL-319)

[X]   *Responsive Declaration* (form FL-320)

1.  I am
    a.  [ ]   the petitioner/plaintiff.
    b.  [X]   the respondent/defendant.
    c.  [ ]   the other party.

    my request                          Respondent's request
2.  I request that the court   [X]  grant   [ ]  grant in part   [X]  deny   the request for attorney's fees and costs.

3.  I am providing the following information   [ ]  in support of   [X]  in opposition to   the request for attorney's fees and costs.

    a.  The  [ ]  petitioner/plaintiff   [ ]  respondent/defendant   [ ]  other party   has the ability to pay
        (1)  [ ]   my attorney's fees and costs.
        (2)  [ ]   his or her own attorney's fees and costs.
        (3)  [ ]   both my and his or her own attorney's fees and costs.
        (4)  [X]   other *(specify):* Neither party has the ability to pay their own attorney fees and costs as accrued
        in this matter.

    b.  The attorney's fees and costs can be paid from the following sources: sale of residence at 4672 Brewster Drive,
        Tarzana, CA

    c.  The court should consider the following facts in deciding whether to grant, grant in part, or deny the request for attorney's fees
        and costs *(describe):*
        [ ]  See Attachment 3c.
        This was a 3 year marriage, there are few community assets acquired during the marriage, and
        Petitioner has already been awarded $100,000 in attorney fees (which exceeds the value of Petitioner's
        community interests).  Moreover, presently, there is an unequal playing field as Petitioner has an
        attorney and Respondent has no disposible funds in which to pay an attorney.

    d.  If appropriate, describe the reasons why a non-spouse party or domestic partner is involved in the case and whether he or she
        should or should not pay attorney's fees and costs:
        [ ]  See Attachment 3d.
        Petitioner's grandfather is in possession of 4672 Brewster Drive, Tarzana, California, and he is holding
        on to $250,000 invested from premarital funds put in June 2014.

Form Approved for Optional Use
Judicial Council of California
FL-158 [New January 1, 2012]

SUPPORTING DECLARATION FOR ATTORNEY'S FEES
AND COSTS ATTACHMENT
(Family Law)



Page 1 of 2
Family Code, §§ 270,
2030, 2032, 3121, 3557,
4320, 7605; Cal. Rules of
Court, rules 5.425, 5.93

FL-158

| PETITIONER/PLAINTIFF: NICOLE GOLDMAN | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: TODD GOLDMAN | |
| OTHER PARTY: | BD 610524 |

4. Has an order already been made for payment of child support in this case?

   a. ☐ No.

   b. ☒ Yes. If so, describe the order:  **SEE BELOW FAMILY SUPPORT**

     (1) The ☐ petitioner/plaintiff ☐ respondent/defendant ☐ other party must pay: $ _____
     per month for child support.

     (a) This order has been in effect since *(date)*:

     (b) The payments ☐ have been made ☐ have not been made ☐ have been made in part

     since the date of the order.

     (2) ☐ Additional information *(specify)*:

5. Has an order already been made for payment of spousal, partner, or family support in this case?

   a. ☐ No.

   b. ☒ Yes. If so, describe the order:

     (1) The ☐ petitioner/plaintiff ☒ respondent/defendant ☐ other party must pay: $ **4,000 +**
     per month for ☐ spousal support ☐ partner support ☒ family support. **add'l living**
     **expenses**

     (a) This order has been in effect since *(date)*: **11-26-14**

     (b) The payments ☐ have been made ☐ have not been made ☒ have been made in part

     since the date of the order.

     (2) ☒ Additional information *(specify)*: **Respondent has paid Petitioner $65,000 to date in combined suppport, and a motion to modify support has been pending about March 25, 2015. That motion is finally set to be heard on 02-24-16.**

6. If you are or were married to, or in a domestic partnership with, the person you are seeking fees from, the court must consider the factors in Family Code section 4320 in determining whether it is just and reasonable under the relative circumstances to award attorney's fees and costs. Complete and attach *Spousal or Partner Support Declaration Attachment* (form FL-157) or a comparable declaration to provide the court with information about the factors described in section 4320.

7. You must complete, file, and serve a current *Income and Expense Declaration* (form FL-150). It is considered current if you have completed form FL-150 within the past three months and no facts have changed since the time of completion.

8. Number of pages attached to this *Supporting Declaration:* _____

I declare under penalty of perjury under the laws of the State of California that the information contained on all pages of this form and any attachments is true and correct.

Date: January 24, 2016

Todd Goldman
    (TYPE OR PRINT NAME)    ▶    (SIGNATURE)

**SUPPORTING DECLARATION FOR ATTORNEY'S FEES
AND COSTS ATTACHMENT
(Family Law)**

FL-157

| | CASE NUMBER: |
|---|---|
| PETITIONER/PLAINTIFF: NICOLE GOLDMAN | |
| RESPONDENT/DEFENDANT: TODD GOLDMAN | |
| OTHER PARTY: | BD 610524 |

## SPOUSAL OR PARTNER SUPPORT DECLARATION ATTACHMENT

☐ Declaration for Default or Uncontested Judgment (form FL-170)   ☒ Supporting Declaration for Attorney's Fees and
☐ Other (specify):                                                        Costs Attachment (form FL-158)

1. **Spousal or domestic partner support.** I request that the court (check all that apply):
   a. ☐ Enter a judgment for spousal or domestic partner support for ☐ Petitioner ☐ Respondent.
   b. ☐ Modify the judgment for spousal or domestic partner support for ☐ Petitioner ☐ Respondent.
   c. ☐ Deny the request to modify the judgment for spousal or domestic partner support.
   d. ☐ Terminate jurisdiction to award spousal or domestic partner support to ☐ Petitioner ☐ Respondent.

2. ☒ **Attorney fees and costs.** I request that the court (check one):
   a. ☒ Order my attorney fees and costs to be paid by ☐ my spouse or domestic partner ☐ a joined party (specify):
      **sale of residence at 4672 Brewster Drive, Tarzana, CA**
   b. ☒ Deny the request for attorney fees and costs.

3. The facts in support of my request are:
   a. **Family Code section 4320(a)(1)**
      (1) The supported party has the following training, job skills, and work history:  Petitioner has been a model in
          Ohio and California since age 16.  Per her agency, Nous Models, Petitioner has earned $93,000
          as a model working in Los Angeles from 2013-2015.

      (2) The current job market for the job skills of the supported party described in item 3a(1) is:According to the
          Bureau of Labor Statistics, employment of models is projected to show little or no change from
          2014 to 2024.

      (3) The supported party would need the following time and expense to acquire the education or training to develop the job
          skills described in item 3a(1):  None.  However, Petitioner needs to apply herself to the best of her
          ability in her field.

      (4) To develop other, more marketable job skills or employment, the supported party would need the following retraining
          or education:  None.

Form Approved for Optional Use
Judicial Council of California
FL-157 [New January 1, 2012]

SPOUSAL OR PARTNERSHIP SUPPORT
DECLARATION ATTACHMENT

Legal
Solutions
Plus

Family Code, §§ 270, 2030,2032, 4320,
6344, 7640

FL-157

| PETITIONER/PLAINTIFF: NICOLE GOLDMAN | CASE NUMBER: |
|---|---|
| RESPONDENT/DEFENDANT: TODD GOLDMAN | |
| OTHER PARTY: | BD 610524 |

3. Facts in support of request.

   e. **Family Code section 4320(d)**

     The supported party [ X ] does [ ] does not   need support to maintain the standard of living we enjoyed during the marriage or domestic partnership.

   f. **Family Code Section 4320(e)**

     (1) The supported party's assets and obligations, including separate property, are *(list values and balances)*:

| | FMV | DEBT | EQUITY |
|---|---|---|---|
| This was a 3 year marriage. | | | |
| Furniture and Furnishings | $7.5K | | $7.5K |
| 2014 Toyota FJ Cruiser | $35K | $28K | $7K |
| Bank accounts and debts | unknown | unknown | unknown |
| Designer bags and shoes | $10K | | $10K |
| Jewelry and watches | $20K | | $20K |
| Stocks and bonds w/ Scottrade | $25K | | $25K |

     (2) The supporting party's assets and obligations, including separate property, are *(list values and balances)*:

| | FMV | DEBT | EQUITY |
|---|---|---|---|
| 565 Bayview Drive, Clearwater, Florida property (disputed asset) | $1.2M | $553K | $650K |
| 548 Palmetto Road, Clearwater, Florida property | $400K | $295K | $105K |
| 4672 Brewster Drive, Tarzana, California property (dispute asset) | $1.25M | $1M | $250K |
| 2013 Jeep Moav | $35K | $32K | $3k |
| Paintings | $100K | | $100K |
| Bank accounts, stock and debts/obligations | $29K | -$325K | - $296K |
| | | | $812K |

NOTE:  The community interests have not yet been determined. It is estimated at less than $50K. Moreover, $705,000 of the above (Bayview and Brewster) and in dispute and ligitation.

**SPOUSAL OR PARTNERSHIP SUPPORT
DECLARATION ATTACHMENT**

FL-157

| | CASE NUMBER: |
|---|---|
| PETITIONER/PLAINTIFF: NICOLE GOLDMAN | |
| RESPONDENT/DEFENDANT: TODD GOLDMAN | |
| OTHER PARTY: | BD 610524 |

3.  Facts in support of request.

g.  **Family Code section 4320(f)**
Length of marriage or domestic partnership *(specify):* 3 years and 5 months

h.  **Family Code section 4320(g)**
Provide any facts indicating whether or not the supported party is able to work without unduly interfering with the interests of the children in his or her care *(describe):* none as Respondent will care for child when Petitioner works.

i.  **Family Code section 4320(h)**

(1)  Petitioner's age is *(specify):*                    Respondent's age is *(specify):* 47

(2)  Petitioner's current health condition is *(describe):* good

(3)  Respondent's current health condition is *(describe):* good

j.  **Additional factors (Family Code sections 4320(l)–(n))**
The court will also consider the following factors before making a judgment for spousal or domestic partner support:

(1)  Any documented evidence of domestic violence between the parties as defined in Family Code section 6211.

(2)  The immediate and specific tax consequences for each party;

(3)  The balance of the hardships on each party;

(4)  The criminal conviction of an abusive spouse in reducing or eliminating support in accordance with Family Code section 4325;

(5)  The goal that the supported party will be self-supporting within a reasonable period of time; and

(6)  Any other factors the court determines are just and equitable.

Describe below any additional information that will assist the court in considering the above factors:

This is only a 3-year marriage and little community interest exists at time of separation or now.  As such, this case has been overlitigated and any additional fee order would be unjust.

---

FL-157 [New January 1, 2012]
**SPOUSAL OR PARTNERSHIP SUPPORT
DECLARATION ATTACHMENT**

P and A

## POINTS AND AUTHORITIES

### I.   EXPLAINING AND DEBUNKING PETITIONER'S ALLEGATIONS OF RESPONDENT'S SIGNIFICANT INCOME FROM SEVERAL SOURCES

#### A.   Self Employed Income

Respondent is a self-employed artist.  He has three sources of income from his efforts.  Last year, he earned monies from (1) Art Sales, (2) Commission from Books Published, and (3) Scripts/Cartoons.

(1)   **Art Sales.**  In 2015, Respondent had total gross sales of $35,025 from the art sales.  After business expenses, including costs of goods, his ANNUAL net income was $11,206. See Respondent's 01-24-16 Income and Expense Declaration.

(2)   **Commission from Books Published.**  In 2015, Respondent had total gross sales of $53,579 from the commission from books published.  After business expenses, including agent, editors, etc, his ANNUAL net income was $19,878. See Respondent's 01-24-16 Income and Expense Declaration.

(3)   **Scripts / Cartoons.**  In 2015, Respondent had total gross sales of $9,748 from Scripts / Cartoons.  After business expenses, his ANNUAL net income was $4,980. See Respondent's 01-24-16 Income and Expense Declaration.

In sum, Respondent has annual self-employment income of $36,060 (or $3,005 monthly).

#### B.   [former] Business known as David and Goliath, Inc.

David & Goliath, Inc. is a Florida corporation formed on 01-26-00 (11 years before marriage). The business is 100% owned by Lenore Goldman, Respondent's mother.  The business consists of intellectual property created by employees of David & Goliath, along with Todd Goldman, during the period January 2000 through June 2014. The business made its money by licensing said intellectual property.

1

Respondent was an employee and president of David & Goliath and the business was most successful about 2004 (7 years before marriage), having gross sales of about $12,500,000.00, which generated about $1,600,000 in income for Respondent. Since its peak, however, the demand for licensing and goods has rapidly decreased to $5,250,000 in gross sales for 2012; $3,639,000 in gross sales for 2013; and about $3,000,000 in gross sales for 2014.

To generate this type of sales, it took a staff *of over 40 employees and creators*, significant product or costs of goods, and significant overhead. For example, in 2013, while gross sales were still $3,639,711, expenses exceed gross sales as follows:

| | | |
|---|---|---|
| Cost of Goods | | $1,508,484 |
| Compensation of Officers | | $ 334,600 |
| Lenore Goldman | $ 50,600 | |
| Todd Goldman | $123,400 | |
| Andrew Goldman | $160,600 | |
| 40 employees (not officers) | | $ 962,152 |
| Other Deductions (rent, overhead, taxes, etc) | | $ 907,591 |
| **<NET LOSS>** | | **-$ 262,163** |

As this business was failing, so were the parties' (Petitioner & Respondent) marriage. In the early part of 2014 (pre-separation), the business losses was not sustainable and Lenore Goldman began laying-off employees and winding down the business. It took another 18 months but as of December 2015, ALL 40 employees were terminated and the business has since closed. As such, there is NO longer any income from David and Goliath, and Respondent received his last check June 2014. See Respondent's 01-24-16 Income and Expense Declaration.

David & Goliath, is in the process of selling its intellectual property rights through a broker. The asking price is $2,500,000. The proceeds will be used by the corporate owner, Lenore Goldman, to pay-off debts and obligations. Respondent will receive no monies from the sale, should it happen.

2

---

POINTS AND AUTHORITIES

C.    **Pop Factory of Los Angeles, Inc.**

Pop Factory of Los Angeles is a Florida corporation formed April 17, 2008 (3 years pre-marital).  The business is owned 50% by Respondent and 50% by Lenore Goldman, Respondent's mother.  The business has no assets and was created for the purpose of opening art galleries.  A single art gallery was opened on Melrose Avenue in 2008 and closed about 2009 (2 years pre-marital).  In 2014, with David & Goliath no longer being utilized by Respondent, began selling plush toys for a period of about six months.  The funds were included in Pop Factory and as a result of inventory and expenses, Respondent lost about $100,000 in investment.

The business has had annual gross sales in <u>2011 of $13,855</u>; <u>2012 of $4,641</u>; <u>2013 of $352</u>; <u>2014 of $66,079</u>.  As for 2015, tax returns are not yet done but it will be close to $5,000 gross and little to no income as plush toys are no longer being marketed. <u>See Respondent's 01-24-16 Income and Expense Declaration</u>.

D.    **Real Property / Rental Income**

Respondent has an interest in 3 real properties (2 homes in Florida, and 1 home in Tarzana).  Two of the properties are in a legal dispute with both Petitioner <u>and</u> Petitioner's mother (Jasmine Ismail) or grandfather (Hassan Ismail).

(1)    **565 Bayview Drive, Clearwater, Florida.**  Respondent purchased this home in 2004 (7 years before marriage).   The house remained titled in Respondent's name alone until 2014 when Petitioner and her mother (just before separation) tricked Respondent into transferring the property into her and her mother's name (along with Respondent), and then refinancing it.   The home is currently unoccupied and Respondent is paying the property taxes of about $17,000 annually. As for equity, Respondent contends there is about $600,000 equity (worth $1,200,000 less $550,000 mortgage). This property is subject to legal dispute and the equity / legal rights cannot be determined at this time.

(2)    **548 Palmetto Road, Clearwater, Florida.**  Respondent purchased this home in 2006 (5 years before marriage). The house remains titled in Respondent's

3

POINTS AND AUTHORITIES

name alone.  The property is currently being rented for a loss of about -$700 per month.
The rent received is $2,300 per month. The 1st mortgage is $2,100 per month; property
taxes are $583; and there are other expenses of about $300 per month; for a total
monthly obligation of about $2,983.00.  As for equity, Respondent contends there is
about $100,000 equity (worth $400,000 less $290,000 mortgage).   Note, currently,
Respondent is 5 months behind in mortgage payments and the home.

        (3)    **4672 Brewster Drive, Tarzana, CA.**  Petitioner's grandfather,
Hassan Ismail, purchased this home in 2014 (2 months before separation) with
$250,000 from Respondent from a TD Ameritrade account he earned before marriage.
The house remains titled in Ismail's name alone.  The home is currently occupied by
Petitioner.   As for equity, Respondent contends there is $250,000 equity (worth
$1,250,000 less $1,000,000 owed to grandfather). This property is subject to legal
dispute (Los Angeles Superior Court case number LC102984) and the equity / legal
rights cannot be determined at this time.

## II.    ATTORNEY FEES – 2030 REQUEST

Respondent submits that there is no basis for a Family Code Section 2030 order
of attorney fees in this matter.

The court's decision on request for a Family Code Section 2030(a) fees/costs
need-based award must be based upon (1) an assessment of the parties respective
incomes and needs, (2) whether there is a disparity in the parties' respective access to
funds to retain counsel, and (3) whether one party is able to pay for legal representation
for both parties. *Family Code §2030(a)(1) & (2).*

### A.    <u>Assessment of the Parties Respective Incomes and Needs</u>

Petitioner has FAR MORE NET SPENDABLE income than Respondent.

Assuming that <u>Petitioner makes $3,000 per month</u> (per her 05-15 I &E)
and Respondent makes $3,005 per month, AFTER Respondent pays guideline child
support of about $536 and the parties pay their respective taxes, the net spendable

4

incomes are as follows: Petitioner = $3,136 vs. Respondent = $1,750.  (note: Petitioner has far more net spendable $ than Respondent). Please see EXHIBIT "A".

For this reason alone, Respondent has no ability to pay attorney fees from his employment and therefore, Petitioner's request must be denied.

**B.**    **Whether there is a Disparity in the Parties' Respective Access to Funds to Retain Counsel**

It may be a little surprising to some, but the purpose of section 2030 is *not* the redistribution of money from the greater income party to the lesser income party. Its purpose is parity: a fair hearing with two sides equally represented. The idea is that both sides should have the opportunity to retain counsel, not just (as is usually the case) only the party with greater financial strength. *See Marriage of Keech (1999) 75  Cal.App.4th 860, 866.*

Here, there is no parity. At this time, Petitioner maintains "access" to retain the legal counsel of their own choosing, Brot & Gross. On the other hand, Respondent has no current funds in which to retain an attorney.  For this reason, he is requesting that this court order attorney fees from the sale of 4672 Brewster Drive, Tarzana.

Moreover, what Petitioner confuses is that it only allows for costs "reasonably necessary to conduct the litigation rather than being merely convenient or beneficial to its preparation. *Marriage of Alan S. v. Superior Court (Mary T) (2009) 172 Cal.App.th 238, 249.*  In this case, Petitioner's attorney fees pre-bill worksheet submitted are both unreasonable and excessive and she has chosen to overlitigate this matter.  In reviewing the billing, **Petitioner has expended some $400,000 during a 15 month period (for a mere 3 year marriage) to force Respondent into giving up custody / visitation with his daughter.**

5

POINTS AND AUTHORITIES

C.    **Whether One Party is Able to Pay for Legal Representation for Both Parties.**

Respondent has no ability to pay for legal representation of both parties, let alone his own. In fact, Respondent had to take a loan this month just to pay his monthly living obligations. In addition, Respondent has and will incur additional attorney fees for the prior motion and the instant motion. It is anticipated that Respondent will have to make monthly payments to his attorney as he has NO ability to pay at this time.

Additionally, Respondent has NO excess monies after he pays his obligations each month. Per his Income and Expense Declaration, Respondent has $6,337 in monthly obligations and only $3,005 in income   Child support will take another hit to his budget so, where is the money going to come from?  Moreover, two of the three houses are in litigation as Petitioner and her family have tricked Respondent into transferring title under false pretenses. This are being litigated separately.

Next, financial resources are only one factor for the court to consider in determining how to apportion the overall cost of the litigation equitably between the parties under their relative circumstances... the trial court should try to get the "big picture" of the case.   *Marriage of Alan S. v. Superior Court (Mary T) (2009) 172 Cal.App.th 238, 254.*   Again, Respondent has no ability to pay his own attorney fees in full and therefore, he certainly does not have the ability to pay Petitioner's attorney fees too.  The court should allow each party to obtain $65,000 from the sale of the Tarzana property.

D.    **Conclusion.**

The court should not forget that Petitioner was ALREADY awarded $100,000 in attorney fees for this 3 year marriage.  Petitioner has failed to show the necessity or prudence which would justify incurring $100,000, let alone her current bill. This matter is clearly overlitigated and is far from trial. The court should see the big

6

POINTS AND AUTHORITIES

picture and deny any further attorney fees, beyond which was already ordered and which

Respondent agrees to pay from the sale of the Tarzana, California property.

Dated: January 24, 2016

_____
Todd Goldman, In Pro Per

7

POINTS AND AUTHORITIES

Decl. Resp.

## RESPONSIVE DECLARATION OF TODD GOLDMAN

I, TODD GOLDMAN, declare, that I am the Respondent in this action, this declaration is true and correct, the facts contained herein are within my personal knowledge, and, if sworn as a witness I would and could competently testify thereto.

This declaration is in lieu of personal testimony, pursuant to CCP Sections 2009 and California Rules of Court 5.118, *Reifler vs. Superior Court (1974) 39 CA3d 479, and Marriage of Stevenot (1984) 154 CA3d 1051*. Therefore, I request that this declaration be received as evidence and that the Court permit further offers of proof, other testimony and documentary evidence at time of hearing or as otherwise appropriate.

1.     The purpose of this declaration is to provide this Court with the factual basis for my opposition to Petitioner Request for Order.

Self Employment

2.     I am a self-employed artist.  I have three sources of income from my efforts. Last year, I earned monies from (1) Art Sales, (2) Commission from Books Published, and (3) Scripts/Cartoons

A.     Art Sales.  In 2015, I had total gross sales of $35,025 from the art sales.  After business expenses, including costs of goods, my ANNUAL net income was about $11,206. See Respondent's 01-24-16 Income and Expense Declaration.

B.     Commission from Books Published.  In 2015, I had total gross sales of $53,579 from the commission from books published.  After business expenses, including agent, editors, etc, my ANNUAL net income was about $19,878. See Respondent's 01-24-16 Income and Expense Declaration.

C.     Scripts / Cartoons.  In 2015, I had total gross sales of $9,748 from Scripts / Cartoons.  After business expenses, my ANNUAL net income was $4,980. See Respondent's 01-24-16 Income and Expense Declaration.

D.     In sum, my annual self-employment income of $36,060 (or $3,005 monthly).

<u>David & Goliath, Inc.</u>

3.    David & Goliath, Inc. is a Florida corporation formed on 01-26-00 (11 years before marriage). The business is 100% owned by Lenore Goldman, my mother.  The business consists of intellectual property created by employees of David & Goliath, along with me, during the period January 2000 through June 2014. The business made its money by licensing said intellectual property.

4.    I was an employee and president of David & Goliath and the business was most successful about 2004 (7 years before marriage), having <u>gross sales</u> of about $12,500,000.00, which generated about $1,600,000 in income for me.  Since its peak, however, the demand for licensing and goods has rapidly decreased to $5,250,000 in gross sales for 2012; $3,639,000 in gross sales for 2013; and about $3,000,000 in gross sales for 2014.

5.    To generate this type of sales, it took a staff *of over 40 employees and creators*, significant product or costs of goods, and significant overhead.  For example, in 2013, while gross sales were still $3,639,711, expenses exceed gross sales as follows:

| | | |
|---|---|---|
| Cost of Goods | | $1,508,484 |
| Compensation of Officers | | $  334,600 |
| Lenore Goldman | $  50,600 | |
| Todd Goldman | $123,400 | |
| Andrew Goldman | $160,600 | |
| 40 employees (not officers) | | $  962,152 |
| Other Deductions (rent, overhead, taxes, etc) | | $  907,591 |
| <NET LOSS> | | -$  262,163 |

6.    As this business was failing, so was my marriage to Petitioner.  In the early part of 2014 (pre-separation), the business losses were not sustainable and Lenore Goldman began laying-off employees and winding down the business.  It took another 18 months but as of December 2015, ALL 40 employees were terminated and the business has since closed.  As such, there is NO longer any income from David and Goliath, and I received his last check June 2014.

- 2 -

DECLARATION OF TODD GOLDMAN

7.     David & Goliath, is in the process of selling its intellectual property rights through a broker.  The asking price is $2,500,000.   The proceeds will be used by the corporate owner, Lenore Goldman, to pay-off debts and obligations. I will receive no monies from the sale, should it happen.

Pop Factory of Los Angeles, Inc.

8.     Pop Factory of Los Angeles is a Florida corporation formed April 17, 2008 (3 years pre-marital).  The business is owned 50% by myself and 50% by Lenore Goldman, my mother.  The business has no assets and was created for the purpose of opening art galleries.  A single art gallery was opened on Melrose Avenue in 2008 and closed about 2009 (2 years pre-marital).  In 2014, with David & Goliath no longer being utilized, I began selling plush toys for a period of about six month.  The funds were included in Pop Factory and as a result of inventory and expenses, I lost about $100,000 in investment.

9.     The business has had annual gross sales in 2011 of $13,855; 2012 of $4,641; 2013 of $352; 2014 of $66,079.  As for 2015, tax returns are not yet done but it will be close to $5,000 gross and little to no income as plush toys are no longer being marketed. See Respondent's 01-24-16 Income and Expense Declaration.

Real Property / Rental Income

10.     I have an interest in 3 real properties (2 homes in Florida, and 1 home in Tarzana).  Two of the properties are in a legal dispute with both Petitioner and Petitioner's mother (Jasmine Ismail) or grandfather (Hassan Ismail).

A.     565 Bayview Drive, Clearwater, Florida.  I purchased this home in 2004 (7 years before marriage).  The house remained titled in my name alone until 2014 when Petitioner and her mother (just before separation) tricked me into transferring the property into her and her mother's name (along with me), and then refinancing it.  The home is currently unoccupied and I am paying the property taxes of about $17,000 annually. As for equity, I contend there is about $600,000 equity (worth $1,200,000 less $550,000 mortgage). This property is subject to legal dispute and the equity / legal rights cannot be determined at this time.

B.     548 Palmetto Road, Clearwater, Florida.  I purchased this home in 2006 (5 years before marriage). The house remains titled in my name alone.  The property

DECLARATION OF TODD GOLDMAN

is currently being rented for a loss of about -$700 per month. The rent received is $2,300 per month. The 1st mortgage is $2,100 per month; property taxes are $583; and there are other expenses of about $300 per month; for a total monthly obligation of about $2,983.00. As for equity, I contend there is about $100,000 equity (worth $400,000 less $290,000 mortgage).

C.    4672 Brewster Drive, Tarzana, CA.  Petitioner's grandfather, Hassan Ismail, purchased this home in 2014 (2 months before separation) with $250,000 from my TD Ameritrade account I earned before marriage.  The house remains titled in Ismail's name alone.  The home is currently occupied by Petitioner.  As for equity, I contend there is $250,000 equity (worth $1,250,000 less $1,000,000 owed to grandfather). This property is subject to legal dispute (Los Angeles Superior Court case number LC102984) and the equity / legal rights cannot be determined at this time.

Attorney Fees

11.    At this time, Petitioner has far more net spendable income than me.

12.    For this reason alone, I have no ability to pay attorney fees from employment.

13.    At this time, Petitioner maintains "access" to retain the legal counsel of their own choosing, Brot & Gross. On the other hand, I have no current funds in which to retain an attorney.  For this reason, I am requesting that this court order attorney fees from the sale of 4672 Brewster Drive, Tarzana.

14.    In this case, Petitioner's attorney fees are both unreasonable and excessive and she has chosen to overlitigate this matter.  In reviewing the billing, Petitioner has expended some $400,000 during a 15 month period (for a mere 3 year marriage) which has little community property.

15.    I have no ability to pay for legal representation of both parties, let alone my own. In fact, I had to take a loan this month just to pay my monthly living obligations. In addition, I have and will incur additional attorney fees for the prior motion and the instant motion. It is anticipated that I will have to make monthly payments to my attorney in the future as I have no ability to pay at this time.

16.    I have no excess monies after I pays my living expenses each month. After

– 4 –

DECLARATION OF TODD GOLDMAN

court ordered child support on 02-24-16, this will take another hit to my budget. Moreover, two of the three houses are in litigation as Petitioner and her family have tricked me into transferring title under false pretenses. They are being litigated separately.

17.    Again, I have no ability to pay my own attorney fees in full and therefore, I certainly do not have the ability to pay Petitioner's attorney fees too.  The court should allow each party to obtain $65,000 from the sale of the Tarzana property.

Conclusion

18.    The court should not forget that Petitioner was ALREADY awarded $100,000 in attorney fees for this 3 year marriage.  Petitioner has failed to show the necessity or prudence which would justify incurring $100,000, let alone her current bill. This matter is clearly overlitigated and is far from trial. The court should see the big picture and deny any further attorney fees, beyond which was already ordered and which I agrees to pay from the sale of the Tarzana, California property.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 24th day of January 2016, at Sherman Oaks, California.

TODD GOLDMAN,
Respondent

DECLARATION OF TODD GOLDMAN

EXHIBIT A

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 15233 Ventura Boulevard, Suite 1100, Sherman Oaks, California 91403.

    On **January 25, 2016**, I served the foregoing document described as: <u>**RESPONDENT'S RESPONSIVE DECLARATION TO REQUEST FOR ORDER**</u>

  **X**   true copies thereof enclosed in sealed envelopes addressed as follows:

<u>**RESPONDENT'S COUNSEL**</u>

**BROT & GROSS, LLP
15260 VENTURA BLVD, SUITE 1500
SHERMAN OAKS, CA 91403**

\_\_\_\_\_  (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

  **X**  **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the addressee.

\_\_\_\_\_  (BY FACSIMILE) On the interested parties in this action pursuant to CRC Rule 2009(b). The Fax numbers used are indicated above. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

    Executed on **January 25, 2016**, at Sherman Oaks, California.

  **X**    **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_\_\_    **(FEDERAL)**    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

ROSA RASCON _____

<u>PROOF OF SERVICE</u>

| ATTORNEY (NAME AND ADDRESS): | | TELEPHONE NO.: | |
|---|---|---|---|
| ATTORNEY FOR: **Father** | | | |
| **DISSOMASTER REPORT** 2016, Monthly | | CASE NUMBER: | |

| Input Data | Father | Mother | Guideline (2016) | | Cash Flow Analysis | Father | Mother |
|---|---|---|---|---|---|---|---|
| Number of children | 0 | 1 | **Nets (adjusted)** | | **Guideline** | | |
| % time with NCP | 5% | 0% | Father | 2,286 | Payment (cost)/benefit | (536) | 536 |
| Filing status | Single | HH/MLA | Mother | 2,600 | Net spendable income | 1,750 | 3,136 |
| # Federal exemptions | 1* | 2* | Total | 4,886 | % combined spendable | 35.8% | 64.2% |
| Wages + salary | 0 | 0 | **Support** | | Total taxes | 719 | 400 |
| 401(k) emp. contribution | 0 | 0 | CS Payor | Father | # withholding allowances | 0 | 0 |
| Self-employment income | 3,005 | 3,000 | Presumed | (536) | | | |
| Other taxable income | 0 | 0 | Basic CS | (536) | Net wage paycheck/mo | 0 | 0 |
| TANF plus CS received | 0 | 0 | Add-ons | 0 | **Proposed** | | |
| Other nontaxable income | 0 | 0 | Per Kid | | Payment (cost)/benefit | (579) | 579 |
| New-spouse income | 0 | 0 | Child 1 | (536) | Net spendable income | 1,871 | 3,036 |
| Wages + salary | 0 | 0 | Santa Clara SS | 0 | NSI change from gdl | 121 | (100) |
| Self-employment income | 0 | 0 | Total | (536) | % combined spendable | 38.1% | 61.9% |
| SS paid other marriage | 0 | 0 | **Proposed, tactic 9** | | % of saving over gdl | 606.5% | -506.5% |
| Retirement contrib if ATI | 0 | 0 | CS Payor | Father | Total taxes | 556 | 543 |
| Required union dues | 0 | 0 | Presumed | (579) | # withholding allowances | 0 | 0 |
| Nec job-related exp. | 0 | 0 | Basic CS | (579) | | | |
| Adj. to income (ATI) | 0 | 0 | Add-ons | 0 | Net wage paycheck/mo | 0 | 0 |
| SS paid other marriage | 0 | 0 | Per Kid | | Default Case Settings | | |
| CS paid other relationship | 0 | 0 | Child 1 | (579) | | | |
| Health insurance | 0 | 0 | Santa Clara SS | 0 | | | |
| Itemized deductions | 0 | 0 | Total | (579) | | | |
| Other medical expenses | 0 | 0 | Combined Savings | 20 | | | |
| Property tax expenses | 0 | 0 | Total releases to Father | 1 | | | |
| Ded. interest expense | 0 | 0 | | | | | |
| Charitable contribution | 0 | 0 | | | | | |
| Miscellaneous itemized | 0 | 0 | | | | | |
| Required union dues | 0 | 0 | | | | | |
| Mandatory retirement | 0 | 0 | | | | | |
| Hardship deduction | 0* | 0* | | | | | |
| Other gdl. deductions | 0 | 0 | | | | | |
| AMT info (IRS Form 6251) | 0 | 0 | | | | | |
| Child support add-ons | 0 | 0 | | | | | |



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
11766 Wilshire Blvd., Ste. 1170, Los Angeles, CA 90025.  A true and correct copy of the foregoing document entitled
(*specify*):  **SUPPLEMENTAL DECLARATION OF TODD GOLMAN IN SUPPORT OF EMERGENCY
MOTION PURSUANT TO 11 USC 364 FOR INTERIM AND FINAL ORDERS AUTHORIZING
DEBTOR TO OBTAIN POST-PETITION FINANCING** will be served or was served **(a)** on the judge in
chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**03/21/2016,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robin Ferguson**   pctcbk@taxcollect.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Alan I Nahmias**   anahmias@mbnlawyers.com, jdale@mirmanbubman.com
- **Elaine Nguyen**   elaine@wsrlaw.net, jamie@wsrlaw.net;vinnet@ecf.inforuptcy.com
- **Russell H Rapoport**   rrapoport@mbnlawyers.com, aacosta@mbnlawyers.com
- **James R Selth**   jim@wsrlaw.net, jselth@yahoo.com;jamie@wsrlaw.net;vinnet@ecf.inforuptcy.com
- **Lisa Torres**   ltorres@gogglaw.com, mburke@gogglaw.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **03/21/2016,** I served the following persons and/or entities at the last known addresses in this bankruptcy case
or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **03/21/2016,** I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Personal Delivery to: The Honorable Barry Russell United States Bankruptcy Court, Los Angeles Division

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/21/2016 | Jamie Barrios | /s/ Jamie Barrios |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**